## Harold Baldwin, Sr. and Beatrice Baldwin v. State of Vermont and Vermont Railways, Inc.

[ 223 A.2d 556 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 4, 1966

*Ehrich and Mollica* for plaintiffs.

*Myron Samuelson, Samuel S. Bloomberg* and *Lloyd A. Partnow* for defendant railroad.

*Ryan, Smith & Carbine* for the state.

**Smith, J.** The plaintiff, Harold Baldwin, Sr., was injured, and the truck owned and operated by him was demolished, as a result of a collision on February 12, 1964 between a locomotive owned and operated by the defendant, Vermont Railways, Inc., and the truck of the plaintiff. A tort action brought by the plaintiffs against the defendants resulted in a directed verdict for the defendant, State of Vermont, and a jury verdict for the plaintiff against the defendant railroad. The defendant railroad has appealed here from the denial of its motion for a directed verdict in its favor at the close of all the evidence in the case, as well as the denial of its motion for judgment notwithstanding the verdict. The defendant has also briefed its exceptions to the admission of certain photographs offered in evidence by the plaintiff, and admitted by the trial court over the objection of the defendant.

A motion for a directed verdict and a motion for judgment notwithstanding the verdict are the same in nature and substance and we must view the evidence in the light most favorable to the plaintiff. *Welch* v. *Stowell,* 121 Vt. 381, 383, 159 A.2d 75.

The defendant first asserts in its brief here that the court below committed error in failing to grant its motion for a verdict in its favor notwithstanding the verdict, on two grounds—first, that the plaintiff failed to prove that the defendant was negligent and that such negligence was the proximate cause of the accident, and second, that defendant sustained its burden of proof in proving that the plaintiff was guilty of contributory negligence which was a proximate cause of the accident.

By denying the defendant's motion for a directed verdict, the court ruled as a matter of law that the evidence, viewed in the light most favorable to the plaintiff, tended to support a plaintiff's verdict. In considering the defendant's motion, we not only view the evidence in the light most favorable to the plaintiff, but we exclude any modifying evidence. All conflicts are resolved against the defendant. The motion cannot be granted if there is evidence fairly and reasonably tending to justify the verdict. The tendency of the evidence, and not its weight, is to be considered and conflicting inferences are for the jury to resolve. *Berry* v. *Whitney,* 125 Vt. 384, 217 A.2d 41.

The accident took place on February 12, 1964 at a grade crossing which intersects a road known as the Cider Mill Road, in the Town of Shaftsbury. Cider Mill Road comes to a dead end at some distance east of the railroad crossing, and plaintiff had lived at the end of such road for some nineteen years.

On the day of the accident, the plaintiff was on his way home to lunch shortly after 12 noon. He knew that a train of the defendant railroad company would pass over the crossing at some time between 11:30 A.M. and 1 P.M. The crossing is a blind one, with the approach to the crossing masked for a distance of 190 feet westerly of the track by a high bank, and the road at this point sloped downward through a cut in the bank to the tracks, which were also in a cut.

Plaintiff's evidence was that he started down the grade to the railroad crossing in second gear, at a speed of 5 mph and with a window open on the driver's side of his truck to enable him to hear any signal from an approaching train. His testimony was: "I was listening all the while."

It is undisputed that only when the plaintiff's eyes were eleven feet from the track would a train approaching on the track be visible to him. At such point, the front of his truck would only be four feet

from the westerly track of the railroad. Undisputed, also, is that the body of the train would overhang the track by two and a half feet on each side. This forward movement of less than two feet of plaintiff's truck, from the point where the train would be first visible to him, would thus put the front of his truck at a collision point with an approaching train.

Plaintiff's evidence was that he heard no signal from the train of the defendant as he approached the crossing and that no such signals were given by the train crew until he first saw the train some two hundred yards away as his eyes were eleven feet from the west rail of the crossing. His evidence was that at this time, when truck and train were in view of each other, that a series of short blasts were given on the train whistle. Such evidence was disputed by the train crew of the defendant, but here, as we have seen, we must view the evidence in the light most favorable to the plaintiff. Plaintiff's evidence was that at the time he first saw the train it was travelling at a speed of 50 mph.

Plaintiff's evidence was that he immediately applied his brake and his truck went forward a distance of two feet. Some eighteen inches from the west railroad track was a ridge of ice or hardened snow. Plaintiff attempted to back his car from the danger scene but was prevented from doing so by the hindrance of the ridge of ice, and the collision occurred. Plaintiff's evidence was that this ridge of ice was created by the clearing of its tracks by the railroad. This evidence was disputed by witnesses for the defendant, but photographs of the scene, admitted without objection, sustained the evidence of the plaintiff that the ridge of ice extended well beyond the highway limits, across the highway, on both sides of the track and parallel to them.

The defendant was required by the provisions of 30 V.S.A. §1374 (a) "to sound its whistle or horn eighty rods from the crossing." Any shortage in the defendant's performance of its statutory duty to sound its whistle or bell "could not excuse the driver from his duty to exercise due care for his own safety. However, such shortage is a circumstance to be taken into consideration in determining whether he exercised the requisite care or not; for negligence cannot be imputed to one who is deceived by circumstances calculated to mislead a prudent person." *Starr's Transportation Co.* v. *St. Johnsbury and Lamoille County R.R.,* 123 Vt. 376, 380, 189 A.2d 525. Whether the

plaintiff was deceived by the circumstances here existing was properly a question of fact for the determination of the jury, and not one of law for the court.

> "While the speed of trains at crossing is not in and of itself, negligence *per se,* when considered with other circumstances it may constitute negligence, either as a matter of law, or as such evidence of negligence as will support such a finding by the jury." 44 Am. Jur. Railroads, §512.

The evidence, taken in the light most favorable to the plaintiff, tended to support plaintiff's claim of actionable negligence on the part of the defendant and the lower court was correct in denying a direction of a verdict for the defendant on the ground that plaintiff had failed to prove, as a matter of law, that the defendant was negligent, and that such negligence was a proximate cause of the accident.

We consider now defendant's assertion that the court should have found as a matter of law that plaintiff was contributorily negligent and that such contributory negligence was a proximate cause of the accident.

█ The duties of the plaintiff under the circumstances are well set forth in *Starr's Transportation Co.* v. *St. Johnsbury and Lamoille R.R., supra,* page 380:

> "It was the duty of the driver to look and listen for approaching trains as he neared the crossing until the last moment when the discovery of the train would have availed for his protection. He was chargeable with such knowledge of the approach of the train as he might have obtained by such vigilant use of his senses as a careful and prudent person would make in such circumstances. When his vision was obstructed, he should have been especially vigilant as regards his hearing. If, by such vigilant use of his sight and hearing, he might have discovered and avoided the danger, and he omitted such vigilance, he was guilty of contributory negligence."

█ Defendant contends that the plaintiff did not have his car under control as he approached the crossing, as a matter of law, because he "skidded" two feet from the point where he applied his brakes. But the mere fact that an automobile skids does not of itself

constitute negligence. *Johnson* v. *Burke et al,* 108 Vt. 164, 168, 183 Atl. 495. The burden was on the defendant to show that some negligent act on the part of the plaintiff was a proximate cause of the skidding, and hence, of the accident. Whether the forward progress of a car for two feet after the brakes are applied, when such car had been proceeding at a speed of five miles per hour, preceding the brake application, is evidence of such car being "out of control," was a question of fact for the jury, and not one of law for the court.

The critical issues presented here on the claimed negligence of the defendant as the proximate cause of the accident involved the use of warning signals, the speed of the train, and the ridge of ice on the right of way. These were distputed factual issues that were for the determination of the jury, under proper instruction from the court.

█ On the question of contributory negligence on the part of the plaintiff, the determination of the factual questions presented on the claim of actionable negligence on the part of the defendant were also necessary to determine whether defendant's negligence, if any, misled the plaintiff in the operation of his motor vehicle as a reasonably prudent man under the circumstances. *Welch* v. *Stowell,* 121 Vt. 381, 384, 159 A.2d 75. In view of the disputed evidence as to the circumstances that immediately preceded the accident, there was room for conflicting inferences as to how the accident actually came about. These were questions for the determination of the jury. *Boston and Maine R.R.* v. *Howard Hardware Co.,* 123 Vt. 203, 209, 186 A.2d 184.

█ The defendant further contends that its motions for a verdict to be directed in his favor should have been granted because the plaintiff assumed the risk of danger of accident as a matter of law.

"The assumption of risk doctrine has no application unless there is knowledge of the existence of the risk, together with an appreciation of the extent of the danger. One cannot assume a risk unless one knows about it, appreciates it, and consents to assume it. It is only when one, knowing and comprehending the danger, voluntarily exposes himself to it, even though not negilgent in so doing, he is deemed to have assumed the risk of an injury resulting therefrom." *Killary* v. *Chamber of Commerce,* 123 Vt. 256, 263, 186 A.2d 170.

Important is that "the circumstances must be such as to warrant the inference that the plaintiff encountered the risk freely and voluntarily with full knowledge of the nature and extent thereof." *Killary* v. *Chamber of Commerce, supra.*

The defendant had the burden of proof upon the issue of assumption of the risk by the plaintiff, 12 V.S.A. §1024. The argument of the defendant would appear to be that plaintiff, by travelling over a familiar but obscured road that led to the crossing during a ninety-minute period, when he had knowledge that a train would, during that period, use the crossing, voluntarily assumed the risk of collission with the train as a matter of law.

▮ The defendant failed to show that the plaintiff had any other way to go to and from his home except by the route in question. The plaintiff could not "reasonably elect" whether or not he should expose himself to the danger of the hidden crossing in going to and from his home. No other road was available. *Gover* v. *Central Vermont R.R. Co.,* 96 Vt. 208, 215, 118 Atl. 874.

▮ The plaintiff, having listened and heard no warning signal from the train, had the right to proceed toward the crossing and rely on the fact that in the absence of such warning signal the track was clear, until such time as he became aware to the contrary. While he might anticipate the danger of an approaching train, he was not called upon to anticipate that a ridge of ice extended over the crossing, caused by the railroad, that would prevent his backing out of danger, if danger existed. Under the circumstances here existing, the court could have ruled as a matter of law that plaintiff did not assume the risk. No charge was necessary to be made on the assumption of risk by the court below and such portion of the charge was gratuity to the defendant. No error is found.

Involved in the determination of the cause below was contradictory testimony and contrary inferences. Such questions were for the jury to resolve and the lower court was correct in denying the motion of the defendant for a verdict directed in its favor. *Berry* v. *Whitney,* 125 Vt. 384, 217 A.2d 41, 43.

Defendant has also briefed its exceptions to certain photographs of the scene of the railroad crossing taken by plaintiff's daughter some time subsequent to the accident, and which were received in evidence

over the objections of the defendant. (Plf. Ex. 15, 16, 17, 18) The grounds briefed are that such photographs do not accurately portray the scene of the accident at the time of the occurrence, and that such admission was prejudicial to the defendant.

Our rule is that the question of the admissibility of photographs is one largely within the discretion of the trial court and the ruling thereon is not ordinarily reviewable. *Killary* v. *Chamber of Commerce, supra.* Further, the defendant must not only show error in the admission of the exhibits, the burden is also on it to show that an admission in error is to its prejudice. *Towle* v. *St. Albans Publishing Co.,* 122 Vt. 134, 139, 165 A.2d 363.

Photographs of the same scene, taken by the State Police, showing the same features as depicted in the photographs objected to, were received in evidence without objection. Thus, the photographs objected to were only cumulative to other evidence received. If admitted in error, which we do not decide, such error was harmless. *Towle* v. *St. Albans Publishing Co., supra,* p. 140.

The entry is *Judgment Affirmed.*