## Herman Burleson v. Caledonia Sand & Gravel Co., Inc.

[ 255 A.2d 680 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 3, 1969

*M. Martin Leinwohl, Esq.,* for the Plaintiff.

*Downs & Rachlin* for the Defendant.

**Smith, J.** This is an action of tort tried before the Washington County Court by jury trial, on April 17, 1968. At the close of the plaintiff's evidence, the defendant's motion for a directed verdict in its favor was granted by the trial court. The appeal here is from the claimed error on the part of the lower court in granting the motion for the directed verdict.

A review of the evidence, taken in the light most favorable to the plaintiff, in the trial below is necessary for our determination of the questions presented. If there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim, the question is for the jury. *Lewis* v. *Vermont Gas Corp.,* 121 Vt. 168, 151 A.2d 297.

The evidence in the trial below was confined to that given by the plaintiff, the driver of the car in which he was injured, and the single passenger who accompanied him, plus exhibits admitted by the court, and is relatively uncomplicated.

On October 3, 1964, the plaintiff was the driver of a motor vehicle proceeding along Route 302 in the Town of Newbury. The car being driven by the plaintiff was not owned by him and he was unfamiliar with its operation. Plaintiff's own account of the accident may be best summarized in his own words found in his report of the accident, submitted to the Commissioner of Motor Vehicles, and received as an exhibit offered by the plaintiff in the trial below:

> "I was on my way home from Wells River, Vt. when I took my eyes off the road for a second to close the air vent. It was a strange car to me and it had power steering on it which I wasn't used to. When I looked up I was close to the guardrails. There was some loose cable from the guardrails and it caught my bumper and caused the car to roll over."

Plaintiff stated in his direct testimony that he never saw the wire which he claims to have been the cause of the accident until he found it entangled with his car after the accident occurred.

The passenger in the car driven by the plaintiff, Harvey Hatch, testified that he also took his eyes off the road for a short time to help Burleson locate the vent, which Burleson was attempting to close to prevent dirt and dust being blown about the car. As Hatch returned his gaze to the road, after locating the vent, he saw the wire or cable in the road, and so stated to the driver. The cable that he perceived extended from the guard rail some three or four feet toward the center line of the highway. The accident occurred almost immediately after Hatch's warning to the driver.

The motion of the defendant for a verdict to be directed in its favor was based upon two grounds. The first ground was that the plaintiff failed to show that defendant's acts or omissions bore any relationship to plaintiff's accident, and the second ground was that plaintiff was guilty of contributory negligence as a matter of law. The lower court in granting the motion of the defendant did not indicate whether such motion was granted upon one or the other of the grounds advanced, or upon both of them. Our rule in such instances is that if the ruling can be sustained upon any one of the grounds, the judg-

ment must be affirmed. *Belock et al* v. *State Mut. Fire Ins. Co.,* 106 Vt. 435, 440, 175 A. 19.

The burden of showing that the defendant was guilty of some negligent act or omission that proximately caused the accident was on the plaintiff. *Fuller* v. *City of Rutland,* 122 Vt. 284, 288-289, 171 A.2d 58. The evidence offered by the plaintiff to show the connection between this defendant and the cable in the road, alleged to be the cause of the accident and consequent injury can be stated briefly.

The passenger in the car driven by the plaintiff, Harvey Hatch, testified that he had seen trucks bearing the name of Caledonia Sand and Gravel travelling upon U.S. Route 302 to a gravel pit, located across the Wells River and which was approached by a temporary road leading from U.S. Route 302 to the pit. Such sightings were made some two or three weeks before the accident of October 3, 1964. Viewing his evidence in the light most favorable to the plaintiff, the guardrail, prior to the opening of the gravel pit, had been unbroken through this area of Route 302. Such sighting by Hatch observed men working, building a bridge across the Wells River as well as working in the gravel pit. He, however, had never seen any of the trucks marked with the name of the defendant company coming out of the gravel pit.

There was no direct evidence of any nature that the defendant company had removed that part of the guardrail which had been eliminated, or had anything to do with the cable which protruded into the highway, or that the gravel pit was owned or operated by the defendant company. What the plaintiff was attempting to prove was that the presence of the Caledonia Sand and Gravel trucks on Route 302, plus the sighting of such trucks in the gravel pit, all at a time prior to the accident of October 3, 1964, led to an inference that the gravel pit was being operated by the defendant.

It is the contention of the plaintiff that there is undisputed evidence in the trial below (T. 12) that the guardrail was removed by the Caledonia Sand and Gravel Co., Inc. This contention is based upon the answer of witness Harvey Hatch to the question:

"And did there come a time when the guardrail was removed in this area, that you have observed, from your own knowledge?"

The answer of Hatch was:

"Yes, when they put that road across and that bridge across to get in that gravel pit."

But the "they" who put the road across and built the bridge was never identified as being the Caledonia Sand and Gravel Co., Inc., the defendant here. Nor, incidentally, that the placing of the wire or cable in the road occurred at the time that the guardrail was removed by whomever did the moving. We do not find that this evidence relied upon by the plaintiff establishes in any way that the presence of the wire in the road was owing to some act, or omission to act, on the part of the defendant.

Any proof that the defendant had removed the missing guardrail, or the additional fact that the defendant was responsible for the cable protruding in the highway or was under a duty to remove it, was based purely on speculation founded on inference.

"In considering the motion for a directed verdict, while the tendency of the evidence and not its weight is to be considered, the question is not merely whether there is any evidence to this effect, but whether it is of such a quality and character as to justify a jury, acting reasonably, to predicate a verdict thereon in favor of the party having the burden of proof. Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion, is insufficient foundation for a verdict." *Lewis* v. *Vermont Gas Corp.*, 121 Vt. 168, 179, 151 A.2d 297, 304.

The action of the lower court in granting the motion of the defendant for a verdict to be directed in its favor must be affirmed on the first ground of such motion. It is not necessary for us to consider whether the lower court was correct in granting the motion of the defendant for a verdict directed in its favor on the ground of contributory negligence of the plaintiff, which in most instances is a question for the jury. Such error, if any, will not result in a reversal if the record before us discloses any legal ground which would justify the granting of the motion for a directed verdict by the lower court. *Fuller* v. *City of Rutland,* 122 Vt. 284, 287, 171 A.2d 58.

*Judgment affirmed.*