**Philip L. Johnson, Admr. of the Estate of Stephen M. Johnson v. Lynwood P. Hoisington**

[367 A.2d 680]

No. 30-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed November 10, 1976

*Garfield H. Miller* of *Black and Plante,* White River Junction, for Plaintiff.

*Downs, Rachlin & Martin,* St. Johnsbury, for Defendant.

**Barney, C.J.** An accident between a motorcycle and a pick-up truck brought about this lawsuit. The rider of the motorcycle was killed, and this action was brought by his representative against the driver of the truck. At the close of the plaintiff's case the lower court granted a motion for a directed verdict in favor of the defendant. This appeal followed.

The motion was granted on two grounds: first, that no negligence on the part of the defendant had been established as a matter of law; and second, that, in any event, the proof as to damages was insufficient. This case did come under the provisions of the comparative negligence statute, 12 V.S.A. § 1036. Although this statute removes the former requirement that a plaintiff establish his own total freedom from negligence, it does not lessen his obligation to affirmatively make out a claim of negligence against the defendant.

The deceased was twenty-one years old and a recently discharged serviceman. On the day of the accident he was proceeding easterly along Vermont Route 44. The defendant was

entering Route 44 from a private driveway. He was, at the time, nineteen and driving his father's truck to pick up a bale of hay from the farm at the end of the driveway. The accident happened as he was exiting from the driveway on the return trip. The day was September 26, 1971, and the time between six and six-thirty in the evening.

As the deceased traveled Route 44 from the west approaching the driveway, he disappeared into a dip in which the road curved, not to reappear until he was some 247 feet westerly of the driveway. The defendant had stopped before entering the highway to let traffic pass from both directions, and it is conceded that he intended to cross the eastbound lane and turn left to go west. After he had looked both ways and started into the highway, he saw the deceased approaching from his left at a high rate of speed. He immediately stopped astride the eastbound lane, blocking it, and was struck by the motorcycle. The only suggestion of its speed arose from a speedometer jammed at 76 miles per hour, but it was never established whether the impact or actual speed was responsible for that reading. The weather was clear and the road dry. There was no evidence that the motorcycle made any attempt to cross over into the left lane of travel. The impact pushed the front end of the pick-up to the right several feet.

The evidence was in this posture when the lower court granted the directed verdict. Such a ruling means that, as a matter of law, there is no evidence whose tendency, excluding any modifying evidence, and taking the evidence in the light most favorable to the plaintiff, will justify a plaintiff's verdict. *Baldwin* v. *Vermont Railways*, 126 Vt. 70, 72, 223 A.2d 556 (1966). It is when there is an absence of proof that the injury received by the plaintiff was caused by the defendant that a verdict should be directed in favor of the defendant. *Sheldon* v. *Brooks*, 130 Vt. 95, 98, 286 A.2d 889 (1971).

In this case the facts have the defendant's truck stopped across the lane in which plaintiff's intestate was traveling after entering from a side road or driveway. See *State* v. *Hogback Mountain Ski Lift, Inc.*, 122 Vt. 8, 11, 163 A.2d 851 (1960). The question of plaintiff's intestate's speed and the

lookout testified to by the defendant were issues for the jury. *Beaucage* v. *Russell,* 127 Vt. 58, 62–63, 238 A.2d 631 (1968). However persuasive the state of the facts may be to the presiding judge, a ruling on a directed verdict must be made on the basis that there is no view of the evidence that sustains the claim of the plaintiff.

But it is the claim of the defendant that even if the plaintiff can support a claim of negligence against the defendant, the directed verdict should still stand because the plaintiff failed to establish any claim for damages. Again, the evidence must be viewed in the light most favorable to the plaintiff, with all inferences indulged in his favor. If there is any evidence of damages recoverable by the deceased's next of kin, the directed verdict must be reversed.

The right of the personal representative to maintain this action is based on the provisions of 14 V.S.A. §§ 1491 and 1492. The amount of recovery is to be distributed among the next of kin and spouse, if any, in proportion to the pecuniary injuries suffered on account of the death. Damages accruing to a parent of a child that has reached majority include the loss of any reasonable expectation of pecuniary benefit. The rule adopted in this jurisdiction is that it is for the jury to say, upon a consideration of the facts, what amount is a just compensation for the financial loss which the evidence shows will probably be caused by the death. Each case must stand on its own facts, the damages, in their very nature, not being susceptible of exact computation. *D'Angelo* v. *Rutland Ry. L. & P. Co.,* 100 Vt. 135, 138–39, 135 A. 598 (1927) ; *Butterfield Estate* v. *Com. L. & P. Co.,* 115 Vt. 23, 27, 49 A.2d 415 (1946).

The testimony disclosed that the deceased had been discharged from the Marine Corps after serving three years. His discharge was recent, occurring in the beginning of the August preceding the September accident. During his last year in the service he sent home to his parents about a third of his salary amounting to about $1,200. His relationship with them was testified to as being affectionate and supportive. There was no evidence that he was married, and no grounds for conjecturing a wife.

With such evidence in the case, taking it in its aspect most favoring the plaintiff, we find the direction of the verdict to be error. As we noted in *Vermont Electric Supply Co.* v. *Andrus,* 132 Vt. 195, 200, 315 A.2d 456 (1974), it is enough that evidence be disclosed that might warrant damages to require the lower court to evaluate the issue, or submit it to the jury, as the case may be.

*Judgment reversed and cause remanded.*