## Guido Condosta v. Rosalie Condosta and Charles Buckley

[401 A.2d 897]

No. 80-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

Motion for Reargument Denied April 19, 1979

*Guido Condosta*, Bernardston, Massachusetts, *pro se.*

*Robert Grussing, III*, Brattleboro, for Condosta.

*John H. Carnahan* of *Fitts & Olson*, Brattleboro, for Buckley.

**Barney, C.J.** A motion to disqualify the Court as constituted was made in this case, based on a claim of prejudice. Disqualification is a sensitive concern for judges, and if the slightest question exists, all doubts should be resolved in its favor. See Code of Judicial Conduct, Canon 3C, 12 V.S.A. App. VIII, A.O. 10. However, if it appears that the motion is frivolous, or made to delay proceedings, or has no foundation justifying recusal, it should be denied. Finding the supporting allegations to be unfounded in this case, the motion is therefore denied.

The litigation on appeal involves the interruption of the plaintiff's electric power by the defendants. The event occurred after the defendant Rosalie Condosta had been given exclusive possession of the premises of herself and the plaintiff, as the result of a temporary order in a divorce action, free of any interest of the plaintiff as her ex-husband. The plaintiff lived across the street in a trailer owned by another. The trailer received its electricity by an extension line carrying 220 volts from the service box in the basement of the Condosta house run through a culvert under the highway to a receptacle at the trailer. Defendant Condosta, with the help of the other defendant, disconnected this extension. The litigation before us followed.

One aspect of the plaintiff's complaint is based upon the provisions of 13 V.S.A. § 3782:

A person who wilfully commits or causes to be committed an act with intent to injure a machine, apparatus or structure appertaining to the works of a person, firm, association or corporation engaged in manufacturing, selling or distributing electrical energy in this state, or whereby such works may be stopped, obstructed or injured, or who taps an electrical line of a person, firm, association or corporation so that electricity can be taken therefrom, or knowingly uses electricity taken from such line without the consent of such person, firm, association or corporation, shall be imprisoned not more than two years or fined not more than $300.00, or both. Such person shall also be liable to such person, firm, association or corporation or to anyone injured for actual damages, with full costs, in an action of tort on this statute.

The plaintiff claims that the disconnection of the extension comes within the purview of the statute, and that he is a person entitled to sue in an action of tort under the last sentence of the section. However, even though the statute refers to "anyone injured," this is not enough to bring the plaintiff within its protection. The essential ingredient is an act against the "works of a person, firm, association or corporation engaged in manufacturing, selling or distributing electrical energy." Since the act of disconnection, whatever its character, took place beyond the meter and within the circuitry of the house, it did not operate on the "works" of a distributor of electricity. The action could not support a criminal prosecution under the statute, and therefore it cannot support a tort claim under the same statute. The lower court so ruled and was correct.

Putting aside the statute, the plaintiff claims a right of action against the defendants based on an alleged property right in the electricity which was disconnected. He presented his case before a jury, but at the close of his evidence, the lower court granted the defendants' motion for a directed verdict and dismissed the complaint.

The basis for the lower court's ruling was the failure of the plaintiff to demonstrate any legal right to the electricity he was receiving from the circuits in the premises allocated to the con-

trol of the defendant Rosalie Condosta. This lack led the court below to rule that the plaintiff had failed to establish a prima facie case, thereby requiring dismissal. *Johnson* v. *Hoisington*, 134 Vt. 544, 546, 367 A.2d 680 (1976). In reviewing such a ruling, the evidence must be viewed in the light most favorable to the plaintiff, without regard to any modifying evidence. If there is any substantial evidence reasonably tending to support the plaintiff's claim, the matter should have gone to the jury and the directed verdict is improper. *Burleson* v. *Caledonia Sand & Gravel Co.*, 127 Vt. 594, 255 A.2d 680 (1969).

The evidence is uncontroverted that the defendant Rosalie Condosta had the electric line running from her premises to the trailer occupied by the plaintiff disconnected. The issue is whether this act, under the circumstances, was a wrong entitling the plaintiff to maintain this action and, with proof of damages, recover.

The defendants argue, and we agree, that the plaintiff has demonstrated no right to the electricity passing through the meter and Rosalie Condosta's premises. No contractual obligation or legal duty requiring her to furnish the plaintiff with electricity, or to permit him to use her service entrance was demonstrated. To talk about his right to electricity from the electric company does not fulfill this shortage, since any duty on that company's part could more properly be fulfilled by reinstating service direct to the trailer, as had been done in the past.

Nor is this the situation where the plaintiff was obligated to supply the defendant Rosalie Condosta with electricity, and furnished it for himself as an incident thereto. The evidence was that he did not pay for the electricity going to the Condosta house at the time in issue here.

With the facts in this posture, there was no factual foundation for his claim that the defendant interfered with any property right belonging to him. His case demonstrated no such wrong, and the lower court correctly granted the motion for a directed verdict. There was a lack of proof in him who was bound to make proof. *In re Will of Montgomery*, 121 Vt. 344, 348, 162 A.2d 344 (1960). The consequence is that there can be no recovery against either defendant.

*Judgment affirmed.*