# A. G. Ryan v. Old Fox Chemical Co. Inc. and Eccomunity Inc.

[427 A.2d 371]

No. 232-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Langrock Sperry Parker & Stahl*, Middlebury, for Plaintiff.

*Sten Lium*, St. Johnsbury, for Old Fox.

*Natt L. Divoll, Jr.*, Bellows Falls, for Eccomunity.

**Billings, J.** On December 18, 1976, plaintiff-appellant purchased at public auction a quantity of corn silage from the

defendant-appellee Eccomunity Inc. (Eccomunity). Prior to the sale the defendant-appellee, Old Fox Chemical Co. Inc. (Old Fox), had brought an action for collection of an amount due against defendant Eccomunity and obtained a writ of attachment on Eccomunity's corn silage. The defendants Eccomunity and Old Fox later agreed that the corn silage could be sold at public auction if the checks in payment for the silage would be made out to both Eccomunity and Old Fox until Eccomunity's account with Old Fox was paid in full. On the day of the auction, representatives of both defendants were present. Prior to the bidding on the corn silage the auctioneer on at least two separate occasions made a specific announcement as to the terms of sale. Plaintiff successfully bid on approximately 600 tons of corn silage. Two days after the auction, on December 20, 1976, plaintiff received a letter from a lawyer representing Old Fox advising him that the corn silage that plaintiff had purchased was subject to attachment and that Old Fox would prevent plaintiff from removing the corn silage unless Old Fox and Eccomunity reached a satisfactory arrangement for payment of the account due. The letter further suggested that plaintiff contact defendant Old Fox. Plaintiff did not do so but brought an action against both defendants claiming a breach of contract, fraud and a breach of warranty.

At the close of the plaintiff's evidence at the time of trial, the trial court directed a verdict on all counts in favor of both defendants. Plaintiff appeals only from the direction of a verdict on the breach of contract count.

■ When a trial court directs a verdict it is ruling as a matter of law that, excluding any modifying evidence and taking the evidence in the light most favorable to the plaintiff, there is no evidence that would justify a plaintiff's verdict. *Johnson* v. *Hoisington*, 134 Vt. 544, 546, 367 A.2d 680, 682 (1976); *Baldwin* v. *State*, 126 Vt. 70, 72, 223 A.2d 556, 558 (1966). If there is any substantial evidence reasonably tending to support the plaintiff's claim the matter should go to the jury and a directed verdict is improper. *Condosta* v. *Condosta*, 137 Vt. 35, 38, 401 A.2d 897, 899 (1979); *Burleson* v. *Caledonia Sand & Gravel Co.*, 127 Vt. 594, 255 A.2d 680, 681 (1969).

■ The plaintiff argues that Eccomunity breached its contract by failing to tender delivery. There is no evidence in the record, however, that Eccomunity authorized or knew of Old Fox's letter to the plaintiff. There is no evidence that Eccomunity did anything to prevent the plaintiff from picking up the silage he bid for, or in any other way breached its contract with the plaintiff. The directed verdict in favor of the defendant Eccomunity is without error.

■ The trial court erred in directing a verdict for Old Fox, however. There was testimony from which the jury could have concluded that Old Fox authorized the auctioneer to sell the silage that was subject to the lien and that the terms of the sale were that the successful bidders could pick up the silage at any time paying by check made out to both Eccomunity and Old Fox. If Old Fox had authorized the auctioneer to sell the silage under those terms, it would be bound to any contracts entered into within the scope of that authority. *John A. Westlund, Inc.* v. *O'Bryan Construction Co.*, 123 Vt. 301, 187 A.2d 507 (1963). Old Fox does not dispute that the plaintiff successfully bid on 600 tons of silage. The jury could have concluded that Old Fox prevented the plaintiff from picking up the silage he had bid for and breached its contract with the plaintiff. See *Shaw* v. *E. I. DuPont de Nemours & Co.*, 126 Vt. 206, 209, 226 A.2d 903, 906 (1966).

Old Fox also argues that the directed verdict was proper because the only damages the plaintiff requested in his complaint were special damages, and there was no evidence in the record that could support an award of special damages. The plaintiff could have been awarded general damages, however, and these need not be specially pleaded. See V.R.C.P. 9; *McAllister* v. *Benjamin*, 96 Vt. 475, 121 A. 263 (1923). The directed verdict in favor of Old Fox was improper.

*The judgment in favor of defendant Eccomunity is affirmed; the judgment in favor of defendant Old Fox is reversed and remanded.*