### Robert Macey v. Douglas H. James, M.D.

[427 A.2d 803]

No. 323-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

· *Mahady, Dunne, Hershenson and Scott*, Norwich, for Plaintiff.

*Michael F. Hanley* of *Black and Plante, Inc.*, White River Junction, for Defendant.

**Billings, J.** Plaintiff brought suit against the defendant alleging medical malpractice in the performance of a coronary angiogram at Mary Hitchcock Memorial Hospital, Hanover, New Hampshire, on August 9, 1973. Plaintiff further claimed that the defendant failed to inform plaintiff of the risks inherent in the procedure. At the close of the plaintiff's evidence the trial court directed a verdict in favor of the defendant as to the medical malpractice claim. As to the informed consent count, the jury returned a verdict in favor of the defendant. Plaintiff appeals claiming error in the granting of the directed verdict and also claims error in the trial court's charge relative to the law of informed consent.

In directing a verdict the trial court is ruling as a matter of law that there is no evidence whose tendency, excluding any modifying evidence and taking the evidence in the light most favorable to the plaintiff, will justify a plaintiff's verdict. *Ryan* v. *Old Fox Chemical Co.*, 139 Vt. 259, 427 A.2d 371 (1981); *Johnson* v. *Hoisington*, 134 Vt. 544, 546, 367 A.2d 680, 682 (1976). If there is any evidence fairly and reasonably tending to support plaintiff's claim, it is for the jury to decide the case. *Condosta* v. *Condosta*, 137 Vt. 35, 38, 401 A.2d 897, 899 (1979).

The plaintiff's medical expert testified that the use of undue force during the angiogram would constitute a departure from accepted medical standards, that it was more probable than not that undue force was used by the defendant, and that the fistula resulted from the angiogram. This evidence raised a jury question as to whether or not the defendant negligently performed the angiogram, and whether or not this negligence caused the fistula. The trial court erred in directing a verdict for the defendant on the medical malpractice allegation.

The plaintiff also argues that the trial court's instructions to the jury on the issue of informed consent were incorrect. The plaintiff requested the following instruction:

> [I]f [the jury] find that no warnings or explanations of any kind were given prior to the second angiogram, then they must find for the plaintiff.

The court did not charge the jury as requested, and the plaintiff seasonably objected. The plaintiff, however, has not raised any specific objections to the instructions actually given to the jury. The objecting party has the burden of establishing that the instructions actually given were erroneous, and must further demonstrate that the error was prejudicial. *Currier* v. *Letourneau,* 135 Vt. 196, 373 A.2d 521 (1977). The plaintiff in this case has not shown that the charge to the jury was incorrect.

Furthermore, the charge requested by the plaintiff is incorrect under New Hampshire law, which the parties have agreed is controlling. In New Hampshire, as in most jurisdictions, an action based on the failure of a physician to inform his patient of the risks associated with a medical procedure is a negligence action. See *Folger* v. *Corbett,* 118 N.H. 737, 394 A.2d 63 (1978). In such an action the patient must show that the injuries he has suffered were caused by the physician's failure to disclose the risks associated with the procedure. *Cobbs* v. *Grant,* 8 Cal. 3d 229, 502 P.2d 1, 104 Cal. Rptr. 505 (1972). This usually means that the plaintiff must show that a reasonable person would not have consented to the procedure if he had known of the risks involved. See, e.g., *Downer* v. *Veilleux,* 322 A.2d 82 (Me. 1974); *Dries* v. *Gregor,* 72 App. Div. 2d 231, 424 N.Y.S.2d 561 (1980); *Small* v. *Gifford Memorial Hospital,* 133 Vt. 552, 349 A.2d 703 (1975). The charge offered by the plaintiff was incorrect because it did not require the plaintiff to show that his injuries were caused by the defendant's failure to warn of the risks of the angiogram. The trial court was without error in refusing to give the charge requested.

*Reversed and remanded as to Count Number 1—Medical Malpractice. Affirmed as to Count Number 2—Informed Consent.*