**Board of Medical Practice of the State of Vermont v. John H. Perry-Hooker, M.D.**

[427 A.2d 1334]

No. 366-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Miller, Norton & Cleary, John Paul Faignant* (On the Brief), Rutland, for Plaintiff.

*John A. Burgess,* Montpelier, for Defendant.

Billings, J. In 1974 the appellant, a psychiatrist, was convicted in the United States District Court for the District of Massachusetts of several violations of federal drug laws. This conviction was affirmed on appeal. The Vermont Board of Medical Practice (Board) then conducted an unprofessional conduct hearing in accordance with 26 V.S.A. chapter 23. Certified copies of the appellant's conviction and the affirmance on appeal were introduced. The appellant sought to introduce evidence that his conviction resulted from entrapment by government agents, that the government's principal witness against him had later been convicted of perjury, and that there was a conflict of interest involving that witness and the defense counsel. The Board did not permit the introduction of this evidence. The Board found the appellant guilty of unprofessional conduct and ordered that his license to practice medicine in the state of Vermont be revoked.

The appellant then sought a de novo hearing in the Orange Superior Court in accordance with 26 V.S.A. § 1363, and demanded a jury trial under 26 V.S.A. § 1363(c). The appellant again sought to introduce evidence of entrapment, perjury and conflict of interest. The court refused to allow the introduction of this evidence. The only evidence admitted at this trial was the certified copies of the appellant's conviction in federal court, the affirmance of that conviction on appeal, and an order of the New Hampshire Board of Registration in Medicine revoking the appellant's license to practice in that state. On a motion by the Board, the court directed a verdict against the appellant and affirmed the Board's order revoking the appellant's license to practice medicine in Vermont. The appellant now seeks review of that decision.

■ The appellant first argues that the court erred in directing a verdict against him. On the Board's motion for a directed verdict the trial court was required to consider the evidence in the light most favorable to the appellant, resolving all conflicts against the Board. *South Burlington School District* v. *Calcagni-Frazier-Zajchowski Architects, Inc.,* 138 Vt. 33, 40, 410 A.2d 1359, 1362 (1980); *Johnson* v. *Hoisington,* 134 Vt. 544, 546, 367 A.2d 680, 682 (1976). If there was any evidence reasonably tending to support a verdict against the Board, the matter should have gone to the jury and the directed verdict was improper. *Condosta* v. *Condosta,* 137 Vt. 35, 38, 401 A.2d 897, 899 (1979).

■■ In this case the trial court was correct in directing a verdict on the issue of unprofessional conduct. Under 26 V.S.A. § 1354(3), conviction of a crime arising out of the practice of medicine is unprofessional conduct, and under 26 V.S.A. § 1354(23) the revocation of a physician's license in another state on any of the grounds specified in § 1354 is unprofessional conduct. The court admitted into evidence without objection certified copies of the appellant's conviction for violations of federal drug laws, the order affirming the conviction on appeal, and the order of the New Hampshire Board of Registration in Medicine revoking his license to practice medicine in that state. Under the statute, the conviction and the revocation are in themselves unprofessional conduct. 26 V.S.A. § 1354. The appellant does not deny the fact of either the conviction or the revocation. The only evidence offered by the appellant concerned entrapment, perjury, and conflict of interest at his trial in federal court. This evidence is not admissible as a collateral attack on the appellant's conviction or the revocation of his license to practice in New Hampshire. Under a statute that defines the conviction of a crime as unprofessional conduct, the issue of guilt may not be relitigated at a later disciplinary hearing. *Turco* v. *Monroe County Bar Association,* 554 F.2d 515 (2d Cir.), *cert. denied,* 434 U.S. 834 (1977); *Furnish* v. *Board of Medical Examiners,* 149 Cal. App. 2d 326, 308 P.2d 924, *cert. denied,* 355 U.S. 827 (1957); *Levy* v. *Association of the Bar of City of New York,* 37 N.Y.2d 279, 333 N.E.2d 350, 372 N.Y.S.2d 41 (1975).

The appellant also argues that the trial court incorrectly assumed that the revocation of the appellant's license to practice was required in the event there was a finding of unprofessional conduct. 26 V.S.A. § 1363 governs appeals from the Board to superior court and provides that "[t]he proceeding before the superior court shall be de novo . . . ." *Id.* § 1363(c). When hearing a case de novo a court must treat the matter as if it had not been heard before and no previous decision had been reached. *In re Poole,* 136 Vt. 242, 245, 388 A.2d 422, 424 (1978); *In re Automobile Liability Insurance Rates,* 128 Vt. 73, 77, 258 A.2d 826, 829 (1969). Under 26 V.S.A. § 1361, if there is a finding of unprofessional conduct, the Board has the discretion to impose an appropriate sanction, which might be a reprimand, or the suspension or revocation of the license to practice. In the de novo proceeding in the superior court, the court had the same discretion in imposing a sanction. In this case, after directing a verdict on the issue of unprofessional conduct, the court affirmed the previous order of the Board. In a de novo proceeding it is error for the court merely to affirm or reverse the decision of the administrative body. *In re Poole, supra,* 136 Vt. at 246, 388 A.2d at 425. The court should have exercised its discretion with regard to the sanction, and to fail to have done so was error. *State* v. *Ahearn,* 137 Vt. 253, 267, 403 A.2d 696, 705 (1979).

The appellant argues, however, that under the statute governing appeals from the Board to the superior court, the discretion to impose a sanction is vested in the jury. 26 V.S.A. § 1363(c) provides in part: "The proceeding before the superior court shall be de novo, and the person complained against may demand trial by jury." The appellant contends that under this provision the jury on appeal has all the powers that the Board had in the first hearing, including the power to impose an appropriate sanction. This is a question of legislative intent. There is little to guide us, but we conclude that the legislature intended the function of the jury in an appeal under 26 V.S.A. § 1363 to be similar to that of a jury in a criminal case. There is some support for this in the statute. 26 V.S.A. § 1363(e) states that appeals to the Supreme Court from the de novo hearing in superior court are governed by the Vermont Rules of Criminal and Appellate

Procedure, suggesting that the proceeding in superior court is similar in nature to a criminal trial.

■ We hold that in a de novo review under 26 V.S.A. § 1363, if a jury trial is demanded, the role of the jury is to determine whether or not the physician has been guilty of unprofessional conduct as defined in 26 V.S.A. § 1354. If there is a finding of unprofessional conduct, the court shall impose a sanction in accordance with 26 V.S.A. § 1361.

The appellant's final contention is that the trial court erred in refusing to admit evidence about the appellant's criminal trial in federal court. The appellant offered evidence concerning entrapment, perjury and a conflict of interest concerning that trial. The appellant argues that this evidence should be admissible on the issue of what sanction is appropriate.

■ As noted above, the Board in the first instance, and the superior court on appeal, has discretion to impose an appropriate sanction if there is a showing of unprofessional conduct. Although not specifically provided for in the statute, the appellant should have the opportunity to produce any evidence relevant to the issue of what sanction should be imposed. This is necessary if the Board or court is to have a proper basis for the exercise of its discretion. As discussed earlier, the appellant may not introduce any evidence on the issue of his guilt of the offenses for which he was convicted in federal court. Nor may the appellant introduce any evidence inconsistent with any essential element of those offenses. See *In re Mischlich*, 60 N.J. 590, 292 A.2d 23 (1972). The appellant may, however, introduce evidence concerning the underlying circumstances of his conviction that may explain it or mitigate its significance. See *People* v. *Robinson*, 390 Mich. 629, 213 N.W.2d 106 (1973); *Levy* v. *Association of the Bar of City of New York, supra.* The appellant in the case at hand may not introduce on remand any evidence concerning perjury or conflict of interest involving the principal government witness at his criminal trial. This evidence does not relate to the underlying circumstances of the conviction, but could be offered only as a collateral attack on that conviction. The appellant may, however, introduce evidence relating to his claim of entrapment, not to deny his guilt, but to mitigate the significance of his conviction. He may, in addition, introduce other

evidence that may be relevant on the issue of what sanction is appropriate.

*The directed verdict on the issue of unprofessional conduct is affirmed; remanded for a hearing on the sanction to be imposed.*