**Joseph and Mary Senesac v. Associates in Obstetrics and Gynecology and Mary Jane Gray, M.D.**

[449 A.2d 900]

No. 235-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

*Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

312

*William H. Quinn* of *Pierson, Affolter & Wadhams,* Burlington, for Defendant.

**Peck, J.** In June 1973, plaintiff Mary Senesac underwent a therapeutic abortion, performed by defendant Mary Jane Gray, M.D., at the Medical Center Hospital of Vermont in Burlington.[1] During the course of the operation plaintiff's uterus was perforated, necessitating an emergency hysterectomy.

Plaintiff filed a complaint in the Chittenden Superior Court, alleging that Dr. Gray negligently performed the abortion procedure. She also claimed that Dr. Gray failed to inform her of the risks inherent in the operation. In addition, plaintiff sought damages from defendant Associates in Obstetrics and Gynecology (Associates), of which Dr. Gray was a member, on the theory of respondeat superior.

The case was tried before a jury. At the close of the plaintiff's evidence the trial court granted defendants' motion for directed verdict as to the surgical negligence claim. Before the claim based on lack of informed consent was submitted to the jury, plaintiff was granted permission to dismiss with prejudice the action against Dr. Gray. The jury then returned a verdict in favor of defendant Associates as to the informed consent count. Plaintiff appeals, claiming error in the granting of the defendants' motion for a directed verdict.

 In passing on the propriety of the granting of a motion for a directed verdict, V.R.C.P. 50(a), we must view the evidence in the light most favorable to the nonmoving party, excluding any modifying evidence. *A. G. Ryan* v. *Old Fox Chemical Co.,* 139 Vt. 259, 260, 427 A.2d 371, 372 (1981); *South Burlington School District* v. *Calcagni-Frazier-Zajchowski Architects, Inc.,* 138 Vt. 33, 40, 410 A.2d 1359, 1362 (1980). If there was any evidence fairly and reasonably supporting plaintiff's claim, the case should have gone to the jury and the directed verdict was improper. *Board of Medical Practice* v. *Perry-Hooker,* 139 Vt. 264, 267, 427 A.2d 1334, 1335 (1981); *Condosta* v. *Condosta,* 137 Vt. 35, 38, 401 A.2d 897, 899 (1979).

---

[1] Joseph Senesac withdrew as a party plaintiff immediately prior to jury selection.

The burden is on the plaintiff in a medical malpractice action to prove both that the defendant physician was negligent and that the plaintiff's injuries were proximately caused by that negligent conduct. *Macey* v. *James,* 139 Vt. 270, 271, 427 A.2d 803, 804 (1981); *LaRocque* v. *LaMarche,* 130 Vt. 311, 313, 292 A.2d 259, 261 (1972) ; *Largess* v. *Tatem,* 130 Vt. 271, 277–79, 291 A.2d 398, 402–03 (1972). Normally this burden is only satisfied when the plaintiff produces expert medical testimony setting forth: (1) the proper standard of medical skill and care; (2) that the defendant's conduct departed from that standard; and (3) that this conduct was the proximate cause of the harm complained of. See *Macey* v. *James, supra; Domina* v. *Pratt,* 111 Vt. 166, 169–71, 13 A.2d 198, 200 (1940). An exception to this general rule exists in cases where the violation of the standard of medical care is "so apparent to be comprehensible to the lay trier of fact." *Largess* v. *Tatem, supra,* 130 Vt. at 279, 291 A.2d at 403. See also *LaRocque* v. *LaMarche, supra.*

Plaintiff does not argue, nor could she successfully, that this case falls within the exception to the rule requiring expert medical testimony. A complicated surgical procedure is at issue, which is not easily evaluated by a lay person. Plaintiff also acknowledges that she did not introduce any independent medical testimony on the standard of care "ordinarily possessed and exercised in like cases by physicians in the same general line of practice."[2] *Pepin* v. *Averill,* 113 Vt. 212, 215, 32 A.2d 665, 667 (1943) (citing *Domina* v. *Pratt, supra*). She contends, however, that the requisite standard of medical care was established during the cross-examination of Dr. Gray. See *LaRocque* v. *LaMarche, supra,* 130 Vt. at 313, 292

---

[2] The common law elements of a medical malpractice action have been codified with slight modification at 12 V.S.A. § 1908. The community standard of medical care has been replaced, the appropriate standard now being:

> The degree of knowledge or skill possessed or the degree of care ordinarily exercised by a reasonably skillful, careful, and prudent health care professional engaged in a similar practice under the same or similar circumstances *whether or not within the state of Vermont.*

12 V.S.A. § 1908(1) (emphasis added).

A.2d at 261 (testimony of defendant dentist adequate to establish standard of dental skill and care).

Assuming, without deciding, that plaintiff successfully established the appropriate standard of medical care through her examination of Dr. Gray, we nevertheless must affirm the judgment below because no expert medical testimony was produced to show that Dr. Gray departed from that standard of care. At no point during plaintiff's determined cross-examination did Dr. Gray concede that she departed from the standard of care ordinarily exercised by the average, reasonably skillful gynecologist. Moreover, plaintiff offered no expert medical testimony of her own to show the asserted lack of requisite care and skill as is required by our decision in *Domina* v. *Pratt, supra,* 111 Vt. at 170–71, 13 A.2d at 200.[3] Plaintiff attempts to hurdle this bar, claiming that the directed verdict was improper because Dr. Gray made statements from which the jury could reasonably conclude she admitted negligence. Plaintiff testified that shortly after the operation Dr. Gray "admitted that she had made a mistake." Although Dr. Gray denied making this statement we must assume it was in fact made as we review the granting of the directed verdict. *A. G. Ryan* v. *Old Fox Chemical Co., supra; Condosta* v. *Condosta, supra.*

■ ■ We have no difficulty with the proposition that "third party expert testimony is not necessary if a defendant doctor's own testimony establishes the standard of care *and departure from it.*" *Hill* v. *Squibb & Sons, E.R.,* 181 Mont. 199, 592 P.2d 1383, 1389 (1979) (emphasis added). It is conceivable that in some circumstances the extrajudicial admission of a defendant physician could establish a prima facie case of negligence in a medical malpractice action. See *Robertson* v. *LaCroix,* 534 P.2d 17, 21–22 (Okl. App. 1975). Nevertheless, in the instant case the asserted statement of Dr. Gray that she "made a mistake, that she was sorry, and that it [the perforation of the uterus] had never happened before" does not es-

---

[3] Plaintiff did introduce into evidence the pathologist's report of his analysis of the uterus. However, only Dr. Gray was asked to interpret this document, and even viewing her testimony in the light most favorable to plaintiff it completely failed to support plaintiff's claim.

tablish a departure from the standard of care ordinarily exercised by a reasonably skillful gynecologist. The fact the physician may have believed, and, if so, verbalized the belief that her performance was not in accordance with her *own* personal standards of care and skill, is not sufficient in the absence of expert medical evidence showing a departure from the standards of care and skill *ordinarily* exercised by physicians in similar cases. See *Cobbs* v. *Grant*, 8 Cal. 3d 229, 238, 502 P.2d 1, 6–7, 104 Cal. Rptr. 505, 510 (1972); *Hill* v. *Squibb & Sons, E.R., supra*. No such evidence appears. Accordingly the trial court did not err in granting defendants' motion for a directed verdict.

*Judgment affirmed.*