## Richard D. Baker, Jr. v. Ralph L. Titus

[458 A.2d 1125]

No. 330-81

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 5, 1983

628

*Richard D. Baker,* pro se, Burlington, Plaintiff-Appellee.

*Bing, Bauer & Gravel,* Burlington, for Defendant-Appellant.

**Billings, C.J.** During the course of a routine dental procedure, plaintiff received a laceration in his cheek from the defendant dentist's drill. Both parties agree that the accident may have been precipitated by the plaintiff's premature closing of his mouth. In any event, the defendant finished his work and plaintiff left the office. Shortly thereafter, plaintiff began experiencing considerable facial swelling and discomfort. Some three hours later, plaintiff returned to the defendant's office seeking further examination, information and treatment. It is uncontradicted that defendant came out of one office, took a look at plaintiff's swollen cheek and, without any examination, prescribed a saline rinse and rest.

Plaintiff returned home and followed the doctor's instructions. He became more concerned, however, because of the continued presence of a "real crinkly sound" when he pushed against his cheek. Approximately one and one-half hours after leaving defendant's office, plaintiff fainted. His wife immediately called an ambulance and rushed plaintiff to the hospital. There, doctors determined that air from defendant's high speed drill had been injected into plaintiff's cheek. They prescribed a strong antibiotic, a saline rinse, and urged that plaintiff return immediately to the hospital if chest pains developed, since such pains could be symptomatic of an embolism.

Plaintiff sued defendant in small claims court to recover his out-of-pocket expenses associated with his emergency visit to the hospital. Defendant counterclaimed to recover the $15 fee for the routine dental work he had originally performed. The trial court awarded plaintiff his actual out-of-pocket expenses and set off the $15 counterclaim for a total award of $188, based on the following conclusion: "[T]he court feels that the defendant was negligent in not at least examining plaintiff when he returned." Defendant appeals, claiming (1) that in order for plaintiff to prove defendant's deviation from the required standard of care, expert medical testimony was required, and (2) that plaintiff failed to prove proximate cause.

■■ With regard to defendant's first contention, we find that it was not necessary for plaintiff to produce expert medical testimony in order to satisfy his burden of proving negligence. The sole issue for the trial court was whether, in fail-

ing closely to examine plaintiff, defendant exercised the degree of care and skill that is "ordinarily possessed and exercised in like cases by physicians in the same general line of practice." *Senesac* v. *Associates in Obstetrics & Gynecology*, 141 Vt. 310, 313, 449 A.2d 900, 902 (1982). While the trier of fact might have found additional medical testimony helpful in determining whether the ordinarily prudent dentist would have conducted an internal examination and advised plaintiff of the nature and effects of his injury, we decline to hold that expert testimony was required as a matter of law. As we recently stated, where the "violation of the standard of medical care is 'so apparent to be comprehensible to the lay trier of fact,' " the general rule requiring expert testimony may be dispensed with. *Id.* (quoting *Largess* v. *Tatem*, 130 Vt. 271, 279, 291 A.2d 398, 403 (1972)).

Here, the trial court found defendant neglected closely to examine plaintiff or to apprise him of the natural progression of the injury despite the fact that plaintiff had returned to the office requesting such examination and information. Further evidence of care below the level ordinarily and reasonably expected was established by proof of the more involved treatment provided by the physicians at the hospital. Not only was antibiotic prescribed to minimize the infection, but plaintiff was kept at the hospital for four hours, given oxygen and, most importantly, was warned of potential complications and told what to do should certain symptoms occur. Thus, the court's finding of negligence is supported by the evidence.

However, in addition to proving negligence, plaintiff was required to prove that his injuries were proximately caused thereby. *Id.* This calls for proof of a causal connection between defendant's negligent act and plaintiff's resulting out-of-pocket expenses incurred by his emergency hospital visit. Upon the record here, we are unable to evaluate defendant's claim that plaintiff failed to prove proximate cause, for the court below made absolutely no findings on this element of plaintiff's case. Nor is the court's vague conclusion that it "feels" defendant to have been negligent an adequate substitute for the requisite finding of proximate cause.

██ Although small claims procedure is intended to provide a simple, informal and inexpensive method for determination of disputes, *Ferris-Prabhu* v. *Dave & Son, Inc.,* 142 Vt. 479, 480, 457 A.2d 631, 632 (1983); D.C.C.R. 80.3(a), nevertheless, there are certain requisites which must be met by the court and by the parties. As we do not find that they were met with regard to the issue of proximate cause, we remand the case for hearing and the making of adequate findings.

*Reversed and remanded.*

**Underwood, J.,** concurring in part and dissenting in part. I agree with my brothers that this case should be reversed. However, in that the plaintiff failed to prove negligence, I cannot agree with the majority's decision to remand.

No matter how naively drawn, plaintiff's pro se complaint sets forth a claim of medical malpractice against his dentist. Although the defendant, while replacing a filling, pricked the inside of plaintiff's cheek with a drill, plaintiff concedes that this accident was not an act of negligence. Plaintiff alleges that the defendant was negligent in the cursory manner in which he examined his swollen cheek and prescribed a treatment for it when he returned to his dentist's office some three hours later. As a proximate consequence of this negligence he sought to recover $300 in damages.

We have recently reiterated that the burden of proof on the plaintiff in a medical malpractice case is to prove by a preponderance of the evidence that the defendant, whether a medical doctor or a dentist, was negligent and that the plaintiff's injuries and damages were proximately caused by that negligent conduct. That burden is satisfied when the plaintiff produces expert medical testimony setting forth the proper standard of medical skill and care, that the defendant's conduct deviated from that standard, and that this conduct was the proximate cause of plaintiff's injuries and damages. *Senesac* v. *Associates in Obstetrics & Gynecology,* 141 Vt. 310, 313, 449 A.2d 900, 902 (1982) (citing *Domina* v. *Pratt,* 111 Vt. 166, 169–71, 13 A.2d 198, 200 (1940)).

In spite of our holding in *Ferris-Prabhu* v. *Dave & Son, Inc.,* 142 Vt. 479, 480, 457 A.2d 631, 632 (1983), that small

claims court is "to provide a simple, informal and inexpensive method for the determination of disputes," we never meant to extend that holding to the point of easing the burden of proof on a plaintiff in a medical malpractice case, nor would I suggest we do so now.

It is true that there are instances when independent medical testimony is not necessary for the plaintiff to meet his burden of proof in a medical malpractice case, but it is not because the case is tried in small claims court where the procedure is more informal. D.C.C.R. 80.3. The rules of substantive law have not been abolished in small claims court. 12 V.S.A. § 5531(a). The exception to the rule occurs only when the defendant doctor himself testifies to the standard of medical or dental skill and care, *LaRocque* v. *LaMarche*, 130 Vt. 311, 313, 292 A.2d 259, 261 (1972), or "when a physician's lack of care has been such as to require only common knowledge and experience to understand and judge it." *Largess* v. *Tatem*, 130 Vt. 271, 279, 291 A.2d 398, 403 (1972). Compare *Tracy* v. *Massachusetts Bonding & Insurance Co.*, 121 Vt. 371, 159 A.2d 86 (1960).

Neither of these exceptions is applicable here. When the plaintiff returned to the defendant's office with a swollen cheek, the defendant, without examining inside of plaintiff's mouth, was able to diagnose the problem as air trapped under the tissue in the area where the drill had penetrated. He knew the condition was not dangerous and that the air would soon be absorbed and the swelling disappear. He told the plaintiff to go home and rinse his mouth with a saline solution and he assured him the swelling would soon subside.

Plaintiff followed defendant's suggested treatment. He became alarmed, and fainted, when he pushed against his cheek and noticed "there was a real crinkly sound." His wife, finding him collapsed, called for an ambulance who took him to the hospital. At the hospital, an oral surgeon diagnosed the problem as air under the skin caused by defendant's high speed drill piercing the skin on the innerside of the cheek. Plaintiff's mouth was rinsed with a saline solution and he was given an antibiotic. This episode at the hospital occurred about five hours after his initial dental appointment with defendant.

In my opinion it would require more than the common knowledge and experience of a trial judge to understand and determine whether this defendant dentist exercised the requisite medical skill and care under the circumstances. Plaintiff testified that the hospital's oral surgeon gave him an antibiotic in addition to a saline solution. But contrary to the majority view this is not evidence of negligence on the part of the defendant. It is evidence of only one thing: that the oral surgeon at the hospital treated plaintiff differently than did the defendant. This information, in and of itself, is not evidence that the defendant failed to measure up to the degree of skill and care required. Without independent medical testimony the trial judge would have to speculate as to whether the oral surgeon's treatment of the plaintiff at the hospital was the standard of care to be used by dentists in the same circumstances as the defendant found himself at his dental office, or whether the oral surgeon exceeded that standard. Defendant may very well have exercised ordinary care under the circumstances.

> Although a physician is not required to have the highest degree of skill obtainable in his profession, or even that shown by those whose location affords them unusual opportunities for practice, he is held responsible for the possession of ordinary skill and knowledge in matters pertaining to his calling and to ordinary care in the exercise thereof.

*Domina* v. *Pratt, supra,* 111 Vt. at 169–70, 13 A.2d at 200.

Plaintiff has failed to meet the burden of proof imposed upon him after initiating a medical malpractice case, and therefore the judgment should be reversed and judgment entered for the defendant.

I am authorized to state that Justice Peck joins with me in this opinion.