**Board of Medical Practice of the State of Vermont v. John H. Perry-Hooker, M.D.**

[465 A.2d 291]

No. 454-81

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed August 4, 1983

*Miller, Norton & Cleary, John Paul Faignant* (On the Brief), Rutland, for Plaintiff-Appellee.

*John A. Burgess,* Berkeley, California, for Defendant-Appellant.

**Gibson, J.** Defendant, John Perry-Hooker, is a psychiatrist licensed to practice medicine in Vermont. In 1974, defendant was convicted in the United States District Court for the District of Massachusetts of several felony charges relating to a conspiracy to distribute regulated drugs. The conviction was affirmed the revocation of defendant's license to practice medi- to practice medicine in Massachusetts and New Hampshire were subsequently revoked. In February of 1981, this Court affirmed the revocation of defendant's license to practice medicine in Vermont but remanded the action to allow defendant to "introduce evidence concerning the underlying circumstances of his conviction that may explain it or mitigate its significance." *Board of Medical Practice* v. *Perry-Hooker,* 139 Vt. 264, 269, 427 A.2d 1334, 1337 (1981).

On remand, defendant was allowed to introduce a broad range of evidence relating to his defense of entrapment, and more generally, to factors "relevant on the issue of what sanction is appropriate." *Id.* at 270, 427 A.2d at 1337. After listening to two days of testimony, the trial court determined that sufficient mitigation had not been shown and ordered that defendant's license to practice medicine be revoked. Defendant appeals, claiming a single error: "The findings of the trial court are inadequate to support the order [of license revocation]." We do not agree and affirm.

We begin by noting that failure to recount the evidence upon which the trial court bases its findings is not reversible error. *Darling* v. *Ennis,* 138 Vt. 311, 314, 415 A.2d 228, 230 (1980). Indeed, labeling a finding as a conclusion is not a fatal defect. *Lewandoski* v. *Vermont State Colleges,* 142 Vt. 446, 455, 457 A.2d 1384, 1389 (1983). When, as here, facts that fully support the order are in the record and are undis-

puted, remand is generally unnecessary. *Gulf Towing Co.* v. *Steam Tanker, Amoco New York*, 648 F.2d 242, 245 (5th Cir. 1981) ; see also 9 C. Wright & A. Miller, Federal Practice & Procedure § 2577 (1971).

The only issue on remand was what sanction was appropriate, inasmuch as the jury had already found the defendant guilty of unprofessional conduct. *Board of Medical Practice* v. *Perry-Hooker, supra*. Defendant managed, over numerous objections by counsel for the Board of Medical Practice, to introduce evidence relevant to the underlying conviction. Much of defendant's case consisted of a showing that defendant's illegal treatment and drug prescriptions to four "patients," who later were revealed to be undercover federal agents, could have been honest mistakes. Thus, defendant sought to convince the trial court, which is given wide discretion in setting appropriate sanctions, that the inexactitude of psychiatric treatment was a major factor in the misdiagnosis.

The trial court was clearly unpersuaded by defendant's evidence. It was not obligated to discuss the evidence presented to buttress its conclusion, so long as the findings it did make provided adequate basis for its conclusion. No challenge is raised regarding the support in the record for the sanction of revocation; in view of the provisions of 26 V.S.A. §§ 1354(3) and (23), such a position would be untenable. Here, although mislabeling its finding as a conclusion, the trial court focused on the nexus between defendant's crimes and the practice of medicine. See *Lewandoski* v. *Vermont State Colleges, supra*. The convictions for fourteen substantive and nine conspiracy counts of violating federal drug laws all stemmed from defendant's abuse of his license to practice medicine and prescribe regulated drugs. Although more detailed findings by the lower court would assist appellate review, where both the underlying criminal convictions and the unambiguous statutes are in no way challenged, the sanction of revocation of defendant's license to practice medicine in Vermont must be affirmed.

*Judgment affirmed.*