### In re T.E., Juvenile

[582 A.2d 160]

No. 88-411

Present: Allen, C.J., Peck, Gibson and Dooley, JJ.

Opinion Filed September 17, 1990

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Barbara L. Crippen*, Special Assistant Attorney General, Waterbury, for Plaintiff-Appellee State of Vermont.

*Martin & Paolini*, Barre, for Defendant-Appellant mother.

*Steve Dunham*, Public Defender, St. Albans, for Defendant-Appellee T.E.

**Gibson, J.** The mother of T.E. appeals from a denial by the Franklin District Court, sitting as a juvenile court, of her motion to modify and vacate an order terminating her residual parental rights with respect to her daughter. We affirm.

As a seven-year-old, T.E. was taken into custody by the Department of Social and Rehabilitation Services (SRS) on September 15, 1980, pursuant to an emergency detention order. The SRS complaint alleged that appellant was a substance abuser who had left T.E. and her brother unsupervised on numerous occasions. She was in the process of being evicted, and the trial court found that "[s]he had no prospects of obtaining a suitable residence and refused to acknowledge her substance abuse problem and to seek treatment therefor." T.E. was placed in the home of her maternal aunt and uncle, and the court subsequently found T.E. to be in need of care and supervision, placing her in the custody of SRS for six months.

At a juvenile court review hearing on May 21, 1981, the court ordered T.E. to remain in SRS custody, without objection from appellant. As the trial court later found, it was made clear to appellant at the May 21, 1981 hearing that "if sufficient progress were not made by her, then SRS would seek a termination of her parental rights." Appellant did not thereafter make that progress in the view of SRS, and T.E., who had stabilized in foster care, had meanwhile expressed a desire to be adopted. SRS filed a petition to terminate residual parental rights, and a three-day hearing on that petition was conducted in October and November of 1983, resulting in a March 2, 1984 decision terminating appellant's rights. The trial court found that appellant's pattern of instability had not changed, though her "nomadic lifestyle had at least temporarily stabilized to some extent." The court found that T.E. was ready for adoption, "believing her mother could no longer take care of her," that there was "virtually no likelihood" that appellant would be able to resume her parental duties, that reunification efforts had "long since reached a level of complete and total stagnation," and that continued efforts in this direction would "impair the future healthy development" of T.E. The court concluded, based on clear and convincing evidence, that it would be in T.E.'s best interest to terminate appellant's residual parental rights.

Appellant filed a timely motion to amend the findings, and a hearing on the motion was held on April 5, 1984. Inexplicably, that motion was not decided until March 10, 1987, nearly three years later, an appalling delay. Prior to the decision, appellant filed a motion to modify and vacate the 1984 order, as permitted by 33 V.S.A. § 659(a). Because of its inordinate delay in deciding the motion to amend, the court apologized to the parties and offered appellant an opportunity to reopen the matter before a different judge. On March 31, 1987, appellant filed an amended motion, asking that all prior orders be vacated. After a two-day hearing before a second judge in July and August of 1987, and prior to a decision, appellant moved for a third hearing, alleging prejudice because T.E.'s attorney had represented both T.E. and her brother during the 1984 hearing, when the two siblings had conflicting desires regarding termination of the parental relationship. The court denied that motion. In deciding the motion to modify and vacate, the court found that appellant had

not established a stable living arrangement or employment since the 1984 decision, that her emotional problems remained, and that "it is not clear whether she is drug free." The court also found that appellant had not made a substantial change in her material circumstances, and it therefore denied her motion. The present appeal followed.

■ Appellant contends first that the trial court erred by imposing on her the burden of proving her case by clear and convincing evidence, when the burden should simply have been a preponderance of the evidence. It is settled law that a state's initial burden of proof in seeking to terminate residual parental rights is by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 747–48 (1982); *In re M. B.*, 147 Vt. 41, 44, 509 A.2d 1014, 1016 (1986). The State argues, however, that once an order has been entered establishing by clear and convincing evidence that termination of parental rights is in the child's best interests, a parent seeking to modify or vacate that order should be required to bear the same burden of proof. Alternatively, the State contends that the trial court did not require appellant to prove her case by clear and convincing evidence, and that if there was error, it was harmless. We conclude that the proper standard of proof for appellant herein was a preponderance of the evidence, that if there was error by the trial court, it was harmless, and that the court properly denied appellant's motion to modify and vacate for failure to sustain her burden of proof.

■ As we have noted, due process requires that a higher standard—clear and convincing evidence—be imposed on the State whenever it seeks permanently to sever what has been described as "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child." *Santosky*, 455 U.S. at 747–48, 753. If a parent is able, however, to show by a preponderance of the evidence that there has been a substantial change in circumstances and that the best interests of the child require an amendment, modification or vacation of a termination order, see 33 V.S.A. § 659(a), the State no longer can maintain the claim that clear and convincing evidence exists to justify the severance of parental rights. Proof by a preponderance of the evidence is thus sufficient to sustain a parent's

motion to modify or vacate filed pursuant to § 659, unless there has been an intervening adoption of the child, bringing into the picture a new set of parents whose rights must be considered. That situation does not confront us here.

■ The confusion herein comes from the trial court's statement that "[b]ased on clear and convincing evidence she [appellant] has not made a substantial change in her material circumstances and in her ability to provide a permanent home, stable environment, and ability to provide emotional and financial support to her child." Appellant contends that the statement erroneously adopts clear and convincing evidence as her burden of proof. Considering the record as a whole, however, we conclude that the evidence does not support appellant's motion regardless of which standard of proof is used, that appellant has therefore not been unduly prejudiced, and that if there was error, it was harmless.

In a separate reference to the evidence presented by appellant, the court stated: "The court concludes that T.E.'s mother has not shown a substantial change in circumstances that would require modification of the court termination order of March 1984." No standard of proof was there stated. Moreover, there is nothing in the record or in the court's findings to suggest that appellant might have prevailed by a preponderance of the evidence, while failing to meet the higher burden of clear and convincing evidence. The undisputed findings, based largely on evidence adduced by the State, strongly suggest that appellant had not even been successful in meeting her burden of producing *some* evidence of a change in circumstances. At the time of the 1987 hearing, she still had no permanent living arrangements and no job. She had failed to complete a vocational program because of the employer's dissatisfaction with her work. The contacts between appellant and T.E. in the three years between hearings were sporadic. Meanwhile, T.E. in this period had become well adjusted to home, school, and community. In this context, the court's reference to "clear and convincing evidence" seems more logically to say that the evidence was clear and convincing that appellant had not made the required change in circumstances. In any event, it is clear that the undisputed findings would not support a grant of appellant's motion

whichever standard the court used; accordingly, appellant has not been unduly prejudiced, and if there was error, it was harmless. See V.R.C.P. 61; *Board of Medical Practice v. Perry-Hooker*, 143 Vt. 268, 269–70, 465 A.2d 291, 292 (1983); *Ordinetz v. Springfield Family Center, Inc.*, 142 Vt. 466, 470–71, 457 A.2d 282, 284–85 (1983). The court properly denied appellant's motion.

■ Appellant next contends that the trial court in its 1987 decision erred in requiring her to demonstrate an ability to resume parental responsibilities "in the near future" rather than in a "reasonable amount of time." While in some cases the use of the phrase "in the near future" might signal the use of a standard more stringent than a "reasonable amount of time," the trial court's decision, taken as a whole, evinces no such distinction. The evidence before the court reflected a very lengthy period of time during which there was little or no solid evidence of improvement in appellant's personal resources or capabilities to care for T.E. in accordance with the minimal legal standards. With T.E. nearing her majority and still eager to be adopted, "in the near future" was the functional equivalent of in a "reasonable amount of time," though, again, we limit this conclusion to the context of this case.

■ Finally, appellant contends that her motion for a new hearing should have been granted because the attorney for T.E. had also represented T.E.'s brother during earlier proceedings, resulting in a conflict of interest. If we apprehend the argument fully, appellant suggests that allowing the same attorney to represent both of her children tended to prejudice her parental rights in T.E.'s sibling. Because T.E. sought to be adopted, the attorney was strongly motivated, in appellant's view, to prove her incapacity as a parent. That zeal would tend to spill over to the litigation concerning her son and hence resulted in a conflict. But the conflict, if any, related to the 1984 proceedings, not the hearing on the motion to modify in 1987, because the later motion related only to T.E., not her brother. Consequently, there was no reason to grant yet another hearing, following the 1987 proceedings. Moreover, it appears that the public defender's office had represented both of appellant's children only during the time when it appeared that their interests coincided.

When questions arose about the pursuit of adoption for T.E.'s brother, separate lawyers represented the siblings and continued to do so during all subsequent proceedings, including the hearing from which the present appeal has been taken. There was no error.

*Affirmed.*