**In re A.W., K.W. & A.T., Juveniles**

[708 A.2d 910]

No. 96-481

January 21, 1998. Mother appeals from a Caledonia Family Court decision terminating mother's residual parental rights to her three children and transferring custody and guardianship of the children to the Department of Social and Rehabilitation Services (SRS) without limitation as to adoption.* Mother contends that the court erred (1) in finding sufficient evidence to warrant a determination of stagnation and, therefore, justify an order to terminate her parental rights, (2) in relying on the merits findings, which were based on a preponderance of the evidence standard, to make findings to terminate parental rights (TPR), which are required to satisfy the stricter standard of clear and convincing evidence, and (3) in relying on the findings of sexual abuse from the disposition order. We affirm.

Mother has three children, A.W., K.W.,

---

*The court also terminated the residual parental rights of the father of the two oldest children and the residual parental rights of the father of the youngest child. Neither father appeals the decision.

and A.T., ages ten, eight, and five, respectively. In September 1993, SRS received information that one of the children had been sexually molested and, after a detention hearing, the children were placed in SRS custody on an emergency detention order. Prior to the merits hearing in April 1994, the State gave notice that it intended to introduce statements made by K.W. and A.W. to others concerning the alleged sexual abuse of K.W. and A.W. by A.T.'s father. At a competency hearing, K.W. and A.W. were found to be incompetent to testify. The court accordingly ruled inadmissible any hearsay statements of the children referring to the allegation of sexual abuse and excluded any reference to sexual abuse from the merits proceeding. At the merits hearing, the children were found by a preponderance of the evidence to be children in need of care and supervision (CHINS) because they were (1) physically abused within the meaning of 33 V.S.A. § 5502(a)(12)(A) and (2) without proper parental care within the meaning of § 5502(a)(12)(B).

A disposition hearing, presided over by a different judge than the judge who conducted the merits hearing, was held on September 1 and November 10, 1994. Prior to the disposition hearing, the children's attorney gave notice that she intended to present evidence concerning the alleged sexual abuse and requested that the competency of K.W. and A.W. be reevaluated. Over mother's objection, the court held a second competency hearing and determined that both K.W. and A.W. were competent and available witnesses. After determining that the criteria of V.R.E. 804a were met, the court allowed hearsay statements of the children to be presented as substantive evidence of the alleged sexual abuse. Neither K.W. nor A.W., however, were called as witnesses. After sixteen witnesses testified, the court concluded that there was clear and convincing evidence that mother was "un-

fit and demonstrably incapable of providing an appropriate home for the three children and that separation is necessary for the children's welfare." In addition, the court concluded that there was clear and convincing evidence to find that A.T.'s father had sexually abused K.W. and that mother's inability or unwillingness to recognize any danger to her daughters from A.T.'s father demonstrated that she could not protect her daughters from further sexual abuse. The court concluded, based on all the evidence, that the mother was an unfit parent and incapable of providing a home free of the danger of sexual abuse to the children. Therefore, based on the findings of both physical and sexual abuse of the children and mother's unfitness, the court ordered the transfer of legal custody and guardianship of the children to SRS.

Mother appealed the disposition order to this Court contending that the court erred by reopening the sexual abuse issue and finding that K.W. had been sexually abused. In an unpublished entry order, we found it unnecessary to "decide the issue regarding the evidence of sexual abuse" because we concluded that "the evidence of physical abuse and neglect was sufficient alone to support removal of the children" and was adequately supported by the evidence and findings. *In re A.W.*, No. 94-256, slip op. at 2 (Vt. Mar. 20, 1996).

Following the placement of the children in SRS custody, SRS developed several case plans. The goal of the first two case plans, dated February and August, 1994, was reunification of the children with mother and A.T.'s father. Mother and SRS counsellors worked for a number of months with no or minimal improvement in mother's parenting skills. Furthermore, although mother attended an individual counselling intake meeting in April 1994, she did not start meaningful individual counselling sessions until September 1994, about the same time the dispo-

sition hearing was commenced. In February 1995, due to mother's lack of progress in improving her parenting skills and abiding by the requirements of SRS case plans, SRS changed the case plan goals for each of the children to TPR.

A TPR hearing was conducted on September 23, 1996 and was presided over by a third judge. In its TPR order the court concluded that "[e]xhaustive, prolonged and reasonable efforts were made under the terms of reasonable case plans, to provide the parents with an opportunity for reunification with the children who had been very seriously and chronically abused and neglected while within their care" and it was in the best interest of the children to terminate all of the residual parental rights with the children. This appeal followed.

When termination of parental rights is sought at a modification proceeding, 33 V.S.A. § 5532 requires the court to conduct a two-step analysis. See *In re J.M.*, 160 Vt. 146, 148, 624 A.2d 362, 363 (1993). First, the court must find a substantial change in material circumstances justifying modification. See *id.* If a substantial change is found, then the court must find that the best interests of the juvenile require termination of parental rights under § 5540. See *id.* at 148-49, 624 A.2d at 363. If the findings in both steps of the analysis are supported by clear and convincing evidence, they will be upheld on review. See *In re H.A.*, 153 Vt. 504, 515, 572 A.2d 884, 890 (1990). Furthermore, the court's conclusions of law will be affirmed if supported by the findings. See *id.* at 515, 572 A.2d at 891.

In the present case, the court based its finding of a substantial change in material circumstances on mother's stagnation. See *In re J.R.*, 153 Vt. 85, 99, 570 A.2d 154, 161 (1989) (stagnation "shown by the passage of time with no improvement in parental capacity to care properly for the child"). In its TPR order, the court concluded that mother's progress showed no "significant" and "reasonable" improvement in her parenting ability. The court found that since the first disposition hearing (1) mother was unable "to make reasonably necessary progress" in improving her parenting skills, (2) mother continually denied that the children were abused and neglected and that this denial "has remained untouched . . . despite prolonged and exhaustive interventions," (3) mother constantly minimized the effect that the physical abuse had on the children, (4) mother continued to maintain a relationship with A.T.'s father, (5) mother's participation in a parenting group was minimal, and (6) mother failed to develop "the ability to manage the children's oppositional behaviors or to control her own frustrations in the face of these behaviors, in order to avoid escalation into emotionally or physically abusive behaviors to the children." Because the conclusion of stagnation is based on findings supported by clear and convincing evidence, we find no error and uphold the court's conclusion.

With the threshold requirement satisfied, the court next determined the children's best interest, with reference to the factors set forth in 33 V.S.A. § 5540. The court found that (1) due to mother's stagnation, mother would be unable to resume her parenting duties within a reasonable period of time, (2) all three children have suffered stress and anxiety from visits with their mother since they were placed into SRS custody, (3) all three children have done markedly better in all areas, including social and academic, since being removed from mother's custody, and (4) "that in order for the girls to make sustained progress with their special needs, they must have permanency of placement and parenting now, without any further delay or uncertainty." Because "[i]t is patently *unreasonable* in consideration of the record of these cases to subject the children to further uncertainty or delay,"

the court concluded that it was in the best interest of the children to terminate mother's residual parental rights. There was sufficient evidence to support the court's findings, and therefore, we find no error in the court's order to terminate mother's parental rights.

Mother contends that the court erred by relying on the merits findings, which were based on a preponderance of the evidence standard, to make findings to terminate mother's residual parental rights. Mother's argument has no merit. "It is settled law that a state's initial burden of proof in seeking to terminate residual parental rights is by clear and convincing evidence." *In re T.E.*, 155 Vt. 172, 175, 582 A.2d 160, 162 (1990) (citing *Santosky v. Kramer*, 455 U.S. 745, 747-48 (1982)). From the 135 thoughtful and thorough findings made by the court in its TPR order, mother points to only two that make reference to the original merits findings to support her argument. She ignores the fact that the court, in its disposition order, made independent findings of physical abuse, neglect, and mother's failure to protect the children, all by clear and convincing evidence. Furthermore, she ignores the fact that in the TPR order the court took notice of the earlier disposition findings and, after assessing all of the evidence, determined that there was no basis to call into question or reject for lack of factual foundation any of these findings of fact – including the findings of sexual molestation by A.T.'s father. Finally, she ignores the fact that the court, based on evidence presented at the TPR hearing, used the clear and convincing evidence standard and made independent findings of chronic parental unfitness in its TPR order. Thus, the court made its determination based on evidence produced at the termination hearing and applied a clear and convincing evidence standard. There was no error.

Mother next contends that the court erred by (1) relying on the findings of sexual abuse in the TPR order to terminate mother's parental rights and (2) finding stagnation because the case plan included sexual abuse issues, which was in direct violation of the merit-hearing judge's order. We do not reach these issues because there was sufficient evidence of mother's stagnation in dealing with the physical abuse and neglect of the children to show "changed circumstances." Accordingly, any error in finding stagnation in dealing with the sexual abuse of the children would not affect the determination to terminate mother's parental rights. See *In re B.S.*, 163 Vt. 445, 454, 659 A.2d 1137, 1143 (1995) (in juvenile case, reversal is not required because of improper admission of evidence if findings not based on erroneously admitted evidence are sufficient to support conclusions).

*Affirmed.*