*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-375

JANUARY TERM, 2011

| | |
|---|---|
| In re A.S., Juvenile | } APPEALED FROM: |
| | } |
| | } |
| | } Superior Court, Rutland Unit |
| | } Family Division |
| | } |
| | } DOCKET NO. 108-11-09 Rdjv |

Trial Judge: Nancy Corsones

In the above-entitled cause, the Clerk will enter:

Mother appeals from a family court order terminating her parental rights to the minor A.S., born in July 2000. Mother contends the court failed to make adequate findings concerning the parent/child bond and alternative dispositions that would have preserved their relationship. We affirm.

A.S., who was ten years old at the time of these proceedings, is the youngest of mother's seven children, all of whom have been in state custody at various times. A.S. first came into the custody of the Department for Children and Families (DCF) in March 2004, when mother was arrested for selling cocaine. A.S. had been left in the care of her sisters, the oldest of whom was fourteen; none of them knew mother's whereabouts, and mother later acknowledged that she had left to avoid the police. For the next three years, A.S. lived with a foster parent who specializes in caring for troubled children. A.S. was diagnosed at the time with a severe attachment disorder and began regular counseling. In January 2007, the family court denied a petition to terminate mother's parental rights, finding that mother had complied with the case plan and had a strong attachment to the child.

A.S. transitioned to mother's full-time care in June 2007. About a year later, DCF began to receive reports that one of A.S.'s sisters was dealing drugs from their apartment and that mother was pressuring one of her daughters for money to buy illegal drugs. Mother also began a relationship with a man she suspected of dealing drugs. In September the man was charged with two counts of sexual assault on two unrelated females. In November 2009, two men with guns forcibly entered mother's home seeking the man in question. The man was arraigned on the charges in mid-November, at which time he identified mother's apartment as his address.

DCF initiated a new investigation as a result of these incidents and interviewed A.S., who described witnessing domestic violence, sexual assault, and the presence of illegal drugs and guns in mother's home. A.S. was taken into DCF custody in late November 2009 and returned to the foster home where she previously lived. She was adjudicated a child in need of care or supervision in January 2010. The initial disposition recommendation was termination of mother's parental rights, and a TPR petition was filed in March 2010.

In June 2010, mother was charged with two counts of selling cocaine and two counts of aiding in the commission of a felony. These charges remained pending at the time of the termination hearing, which was held over the course of four days in August 2010. The following month, the court issued a written decision. The court found, in summary, that A.S. suffers from a severe attachment disorder resulting from "highly pathological parenting," as described by an expert whom the court found to be credible. The court further found that there was no possibility that mother could resume parental responsibilities within a reasonable period of time, noting that mother had not only caused but had largely ignored A.S.'s emotional condition, exposing her to an unsafe and criminal lifestyle that involved the presence of drugs, guns, and domestic and other violence. Her foster mother provided a firm but loving environment, and ensured that she was provided counseling and a safe, stable home. Accordingly, the court granted the petition. This appeal followed.

Mother contends the court failed to address adequately the quality of the parent/child bond, which had formed the basis of the court's denial of the first petition in 2007. See 33 V.S.A. § 5114(a)(1), (4) (setting forth best-interests criteria, including interaction of child with parents and whether parent has played a constructive role in child's life). The record does not support the claim. The court's decision contains multiple findings recognizing the quality of the parent/child relationship, tempered by the reality of mother's actions. Thus, the court noted that A.S.'s therapist had observed that A.S. loves her mother very much "but is also afraid to live with her;" that although mother expresses love for A.S. "her conduct betrays her words;" and that ultimately while A.S. "has a bond with her mother, loves her mother, and enjoys the monitored contact she has had with her mother since November 2009," these circumstances "do[] not begin to outweigh [A.S.'s] evident need for a permanently safe and nurturing home." Thus, we conclude that the court's findings adequately addressed the statutory criteria governing the best interests of the child. See In re A.W., 167 Vt. 601, 603 (1998) (mem.) (court's findings in termination proceeding will be upheld if supported by record evidence, and conclusion will be upheld if reasonably supported by the findings).

Mother also contends the court improperly failed to consider alternative dispositions to maintain the parent-child relationship. Mother does not specify a preferred alternative nor does it appear that she raised this argument with the trial court. In any event, the claim is unavailing. Where, as here, the court has applied the statutory criteria and "determines that the child's best interests warrant giving the State custody of the child without limitation as to adoption, the court need not revisit the permanency hearing options contained in 33 V.S.A. § 5531(d) and explain why it is choosing termination of parental rights over other options enumerated therein." In re T.T., 2005 VT 30, ¶ 7, 178 Vt. 496 (mem.). Accordingly, we find no error, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

2