*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-229

SEPTEMBER TERM, 2015

| | |
|---|---|
| In re B.S., Juvenile | APPEALED FROM: |
| | Superior Court, Franklin Unit, Family Division |
| | DOCKET NO. 115-5-13 Frjv |
| | Trial Judge: A. Gregory Rainville |

In the above-entitled cause, the Clerk will enter:

Mother appeals from a superior court order terminating her parental rights to the minor B.S. She contends the evidence was insufficient to support the judgment because the principal basis for the court's finding that she could not parent the child was caused by factors outside her control. We affirm.

The facts may be summarized as follows. Because of mother's mental health issues and her partner's drug use, the Department for Children and Families (DCF) began working with mother, her partner, and their child B.S. in 2009, when B.S. was five years old. The current proceeding commenced in March 2013, when DCF investigated a report that mother and her partner had been staying at a shelter in Burlington and had been asked to leave based on evidence of substance abuse. DCF determined that B.S. had been living with her paternal grandmother since September 2012; before that, she had lived with her grandmother for other periods of time and had routinely spent weekends there when younger.

The State filed a CHINS petition in late May 2013, and the court issued a temporary care order transferring custody to B.S.'s grandmother. Mother stipulated to an adjudication of CHINS in July 2013 based on her drug use and homelessness. In August 2013, the court approved a disposition plan with a goal of either reunification or adoption, if reunification efforts were unsuccessful by May 2014. The plan called for "regular and predictable contact with [B.S.]" through telephone calls and weekly parental visits at grandmother's home. It also called for mother to provide B.S. with a safe, stable, and substance-free home; to acknowledge the impact of her frequent absences on B.S.'s emotional health; to recognize B.S.'s need for permanence and stability; to attend school meetings and medical appointments; and to engage in substance abuse and mental health counseling.

One year later in September 2014, the child, through her attorney, filed a petition to terminate parental rights. The court held a two-day evidentiary hearing in December 2014 and March 2015, and issued a written decision in early May 2015. The court found that, although mother initially engaged in the plan of services, there were key components which she failed to

achieve. She did not participate in regular counseling; failed to obtain safe and stable housing; and continued to reside with her partner, who had a felony record for conspiracy to sell cocaine, remained involved in illegal drugs, posed a substantial threat to mother's ability to remain sober, and frightened B.S.

Most critically, the court found that mother had failed to maintain regular and predictable contact with B.S. From January to May 2014, mother visited B.S. only four times, and from June 2014 until shortly before the hearing in December 2014, there was one telephone call and one visit at a family party. Ample testimony described the emotional trauma that mother's lengthy absences and missed calls and visits caused B.S. This led, in turn, to B.S. feeling that she could not rely on mother, and did not want to have contact with her. The court thus concluded that B.S.'s interaction with mother was largely non-existent, and a source of great disappointment and anxiety; that she had learned, with reason, that she could not rely on mother for her basic material and emotional needs; and that mother would not be in a position to resume parental responsibilities within any reasonable future time frame. By contrast, B.S. had lived with her paternal grandmother for the last two years—and considerable periods before that— where she had found security, stability, love, and support. She was thriving in her school and her community. Accordingly, the court concluded that termination of mother's parental rights was in B.S.'s best interests. This appeal by mother followed.[*]

Our role in reviewing the judgment "is not to second-guess the family court or to reweigh the evidence, but rather to determine whether the court abused its discretion in terminating mother's parental rights." In re S.B., 174 Vt. 427, 429 (2002) (mem.). We will not disturb the court's findings unless they are shown to be clearly erroneous, In re B.W., 162 Vt. 287, 292 (1994), nor its conclusions if reasonably supported by the findings. In re A.W., 167 Vt. 601, 603 (1998) (mem.).

Mother contends that her failure to maintain to maintain regular and predictable contact with B.S. was the result of factors beyond her control. She cites transportation problems, ill health, and the failure by DCF and grandmother to encourage B.S. to maintain the relationship. The record does not support the claim. The only specific evidence of ill health was grandmother's testimony that, at one point in time, mother was hospitalized for gallbladder surgery, and her testimony was that she brought B.S. to visit mother in the hospital on that occasion.

Mother also suggests that grandmother impeded her telephone calls. Although grandmother stated that she occasionally let phone calls go to voice mail, she testified that she always informed B.S. if mother had called and offered B.S. the opportunity to call back, and categorically denied that she had ever prevented B.S. from talking with mother. Grandmother also testified to numerous instances over the years when she traveled back and forth with B.S. to visit her mother. In addition, the DCF social worker who worked with mother for a number of years testified to the "many times" that she counseled mother on the need for consistency in maintaining contact with B.S., and the importance to B.S. that she be able to depend on mother.

---

[*] The court also terminated the parental rights of father, who lives in Florida and has had minimal contact with B.S. He has not appealed the court's ruling.

We thus find no support for mother's claim that her failure to maintain regular and predictable contact with B.S. was due to factors beyond her control, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice