NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 70

No. 2016-035

In re I.B., Juvenile

Supreme Court

On Appeal from
Superior Court, Chittenden Unit,
Family Division

May Term, 2016

Martin A. Maley, J.

Allison N. Fulcher of Martin & Associates, Barre, for Appellant Father.

William H. Sorrell, Attorney General, and Elizabeth M. Tisher, Assistant Attorney General, Montpelier, for Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.     **EATON, J.**     Father appeals from a post-disposition order of the family court transferring custody of the minor I.B. to the Department for Children and Families (DCF). He contends the court violated his due process rights by: (1) transferring custody without making an express finding of changed circumstances; and (2) applying a preponderance-of-the-evidence standard of proof. We also consider whether the order at issue is a final appealable order. We conclude that it is, and affirm.

¶ 2.     This case arose in early July 2012, when the State filed a CHINS (child in need of care and supervision) petition and request for an emergency care order based on concerns about mother's ability to care for the minor I.B., born on July 13, 2012. The parents had an extensive

history with DCF; several older children had been previously adjudicated CHINS based on mother's continuing use of opiates, and their parental rights to the children were ultimately terminated. See In re L.B., No. 2011-320 (Vt. March 15, 2012) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. The court granted the emergency care order and transferred custody of I.B. to DCF. The child was eventually placed in foster care with the same family that had adopted her older sister.

¶ 3. About a month later, in August 2012, the court issued a temporary care order for a placement of I.B. with mother at the Lund Center. Mother failed to complete the necessary drug assessment, however, and the child consequently remained in foster care. In July 2013, following a hearing, the court adjudicated I.B. to be CHINS. In February 2014, the court adopted a case plan with concurrent goals of reunification or adoption within three to six months.

¶ 4. Several months later, in June 2014, the minor filed a petition to terminate parental rights. Following a hearing in February 2015, the court issued findings and conclusions on the record, denying the petition. In April 2015, the court approved a new disposition plan with a goal of reunification within three to six months. Following a post-disposition review hearing in October 2015, the court amended the plan to grant parents conditional custody of I.B. for three months under a set of conditions requiring compliance with the provisions in the amended plan.

¶ 5. In December 2015, the State moved to retransfer custody to DCF based on reports of domestic violence and substance abuse in the parents' home. Following a hearing, the court entered findings and conclusions on the record, and several days later issued a written order transferring custody of I.B. to DCF. Father has appealed from that order.

¶ 6. Before considering father's claims, we address a motion to dismiss filed on behalf of the minor which the State has joined. They claim that the order at issue, which the court denominated "a temporary care order," is not a final appealable judgment, and that this Court therefore lacks jurisdiction absent an order granting interlocutory review. See Hospitality Inns v.

2

South Burlington R.I., 149 Vt. 653, 656, 547 A.2d 1355, 1358 (1988) ("[A] final judgment is a prerequisite to appellate jurisdiction unless the narrow circumstances authorizing an interlocutory appeal are present.").

¶ 7. We agree that a true temporary care order issued pursuant to 33 V.S.A. § 5308[1] following an emergency care or custodial care order and temporary care hearing, or one entered pending a final disposition order pursuant to 33 V.S.A. § 5317(e),[2] are both generally unappealable. By their nature, these orders are designed to be short-term, stop-gap measures pending a CHINS or final disposition hearing. See 33 V.S.A. § 5309(b) (requiring State's Attorney to file CHINS petition no later than date of temporary care hearing following issuance of emergency care or conditional custody order). They are not final, even in the modified sense recognized in In re D.D., where we held that a CHINS adjudication is a final and appealable order, despite the fact that it does not finally resolve the child-neglect proceeding, because "it can result in a prolonged intrusion into parents' fundamental liberty interest." 2013 VT 79, ¶ 25, 194 Vt. 508, 82 A.3d 1143 (quotation omitted) (emphasis added).

¶ 8. The motion triggering the court's order here was a request to transfer custody to DCF. No new petition alleging additional bases for a CHINS adjudication had been filed, however. Therefore, despite the court's characterization of its written order of December 28, 2015 as a "temporary care order," no basis existed for the issuance of a temporary care order under 33 V.S.A. § 5308. Further, a final disposition order had issued months previously; thus, the order was not of the type authorized by 33 V.S.A. § 5317(e) pending final disposition.

---

[1] Following the issuance of an emergency care or conditional custody order and a temporary care hearing, this section authorizes the court to "issue such temporary orders related to the legal custody of the child as it deems necessary and sufficient to protect the welfare and safety of the child." 33 V.S.A. § 5308(b).

[2] This section provides that, at disposition, the court may "schedule a further hearing to obtain reports or other information necessary for the appropriate disposition of the case" and "shall make an appropriate order for the temporary care of the child pending a final disposition order." 33 V.S.A. § 5317(e) (emphasis added).

3

¶ 9. As noted, the modified plan from October 2015 had transferred legal custody from DCF to parents under a set of conditions requiring compliance with provisions of the plan. Thus, DCF's motion to retransfer custody to DCF was essentially a motion to modify the disposition plan, and the court effectively treated it as such, entering findings which, as discussed below, showed that circumstances had materially changed and that modification was in the best interests of the child. See 33 V.S.A. §5318(d) ("A disposition order is a final order which may only be modified based on the stipulation of the parties or pursuant to a motion to modify brought under section 5113 of this title."). Accordingly we conclude that the court's order following the hearing, although erroneously styled a temporary care order, was procedurally an order modifying the custodial aspects of the court's prior disposition order pursuant to 33 V.S.A. §§ 5318(d) and 5113(b).

¶ 10. It is settled that the parties can appeal a modification of a disposition order. See In re. R.M., 2013 VT 78, ¶ 8, 194 Vt. 431, 82 A.3d 565 ("Because a disposition order is a final order and thus meets the standard for an appealable order, the parties can appeal a disposition order whether original or as a result of modification." (quotations omitted)). Accordingly, we conclude that the appeal here was properly brought.

¶ 11. Turning to the merits, father contends the court erred in modifying the case plan to transfer custody from parents to DCF without making the requisite statutory findings on change of circumstances and the child's best interests. As noted, the court's findings and conclusions were entered on the record at the conclusion of the evidentiary hearing. The court found that parents had engaged in ongoing verbal and physical abuse in I.B.'s presence, that mother had at times been heavily intoxicated, and that father had manifested "significant anger." The result, the court found, was "that I.B., who has high needs, is being exposed to an extreme amount of domestic violence within the home . . . completely contrary to her best interests." Further, the court found that the abuse appeared "to be escalating" and "could result in

4

substantial danger to [I.B.'s] physical health, her mental health, her welfare, and . . . her safety." While the court acknowledged that the domestic turmoil had "dropped off for a period of time," it found that it had "ramped up again since the child has returned," and that it posed a "real risk of harm to th[e] child." Accordingly, while reluctant to order yet "another placement [for I.B.] after what she's been through," the court concluded that her best interest and safety required that it grant temporary legal custody to DCF.

¶ 12. We have held that the absence of an express finding of changed circumstances is not reversible error where the court's findings otherwise state "facts sufficient to meet the . . . standard." In re C.L., 151 Vt. 480, 483, 563 A.2d 241, 244 (1989); see also In re D.C., 2012 VT 108, ¶ 16, 193 Vt. 101, 71 A.3d 1191 (holding that any error in court's failure to make express finding of changed circumstances was harmless where "changed circumstances were manifest"). Similarly, the trial court need not express its findings concerning the child's best interests "in the precise language of the statute" so long as it is evident from the court's decision that the relevant factors were considered. In re C.L., 151 Vt. at 483, 563 A.2d at 244 (quotation omitted).

¶ 13. Considered in light of these standards, the trial court's findings here were more than adequate. As summarized above, the court found that the level of stress, substance abuse, and domestic violence within the home had escalated since the child's return, which was sufficient to show a material change in circumstances. Furthermore, its findings that the escalating turmoil within the home posed a real risk to the child's physical and emotional wellbeing were sufficient to support its conclusion that a transfer of custody to DCF was in the child's best interest. Accordingly, we find no basis to disturb the court's judgment.

¶ 14. Father further asserts that the trial court erred in ruling that the State had met its burden of proof by a preponderance of the evidence rather than by clear and convincing evidence. We have held that the clear-and-convincing evidence standard applies whenever the State "seeks permanently to sever" the parent-child relationship through a termination of parental

5

rights.  In re T.E., 155 Vt. 172, 175, 582 A.2d 160, 162 (1990); see also In re B.C., 2013 VT 58, ¶ 16, 194 Vt. 391, 81 A.3d 1152 ("[T]he State may not effect a permanent termination of parental rights without a showing of parental unfitness by clear and convincing evidence."). "We have also recognized, however, that state intervention which effects only a temporary deprivation of parental rights requires a lesser showing of proof by a preponderance of the evidence."  In re B.C., 2013 VT 58, ¶ 16.  Thus, we have held that the preponderance-of-the-evidence standard applies in a proceeding to amend a disposition plan.  In re A.M., 2015 VT 109, ¶ 39, ___ Vt. ___, 130 A.3d 211.  In its decision to modify the plan to transfer legal custody of I.B. back to DCF, therefore, the trial court here applied the proper standard of proof.

Affirmed.

FOR THE COURT:

_____
Associate Justice

6