## Jeffrey B. Meller v. A. Barbara Bartlett

[580 A.2d 484]

No. 88-138

Present: Peck, Gibson and Morse, JJ.

Opinion Filed June 8, 1990

Motion for Reargument Denied July 24, 1990

*O'Neill and Crawford,* Burlington, and *Paul L. Reiber* of *Abell, Kenlan, Schwiebert & Hall,* Rutland, for Plaintiff-Appellee.

*Thomas J. Donovan,* Burlington, and *Michael Rose* (On the Brief), St. Albans, for Defendant-Appellant.

**Peck, J.** Defendant appeals from a judgment, after a trial by jury, in favor of plaintiff in an action to recover legal fees. In the

trial court, defendant claimed that plaintiff had not provided competent representation, and violated his fiduciary duty by withdrawing as counsel before resolution of her case. We affirm.

Plaintiff first represented defendant's husband, who had been charged with arson. Before that charge was dropped, defendant retained plaintiff to represent her in litigation against the fire insurer. Defendant asserts that plaintiff pressured her and her husband to sell real property in South Burlington at a loss of $20,000 in order to pay his legal fee, and claimed that plaintiff threatened to abandon defendants' claims if his fee were not paid. Defendant also states that when the insurer sued her husband in a third-party complaint alleging arson, potentially making defendant and her husband adverse parties, plaintiff "represented Mr. Bartlett's interests right through to the end of the case," despite the conflict.

Plaintiff responds that there was no conflict, and that he offered the Bartletts three different fee arrangements, finally agreeing on a twenty percent contingency fee with a reduced hourly rate of twenty dollars and a total cap of $15,000. According to plaintiff, payments were made to the cap amount in July of 1984. Later bills did not indicate amounts actually due. At one point, when the insurer moved to disqualify plaintiff because he had previously represented a witness in the case, plaintiff hired another attorney to handle the motion, which was denied. Plaintiff claims that a separate attorney was hired for Mr. Bartlett when the insurer filed its third-party action, and the Bartletts and this attorney bargained secretly with the insurer's attorney to settle the case in a way that would reduce or eliminate plaintiff's fee. After the case was settled for $150,000, plaintiff filed a trustee process against what he claimed was his share of the settlement amount. He prevailed in the trial court, and the court directed a verdict in his favor on defendant's counterclaim.

■ Defendant argues that there was sufficient evidence to substantiate her counterclaim. When reviewing a trial court's grant of a directed verdict, we must view the evidence in the light most favorable to the nonmoving party, excluding any modifying evidence; a directed verdict is not proper if any evi-

dence fairly and reasonably supports the nonmoving party's claim. *Seewaldt v. Mount Snow, Ltd.*, 150 Vt. 238, 239, 552 A.2d 1201, 1201–02 (1988). Nevertheless, we will uphold the trial court where the nonmoving party has failed to present evidence on an essential element of her case. *Id.* at 240, 552 A.2d at 1202.

█ █ In this case, defendant failed to support her claims through expert testimony, a prerequisite when professional malpractice or misconduct is in issue. *Senesac v. Associates in Obstetrics & Gynecology*, 141 Vt. 310, 313, 449 A.2d 900, 902 (1982). Expert testimony is not generally required. "[W]here the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the aid of an expert," an exception to the rule requiring expert testimony has been established. *Larson v. Candlish*, 144 Vt. 499, 502, 480 A.2d 417, 418 (1984). Here, the alleged violation is not so apparent. Hence, the lack of an expert witness for the defense to give evidence fairly and reasonably supporting defendant's claim leads us to conclude that the trial court's grant of a directed verdict was proper.

In *Russo v. Griffin*, 147 Vt. 20, 24, 510 A.2d 436, 438 (1986), we held that

> the appropriate standard of care to which a lawyer is held in the performance of professional services is "that degree of care, skill, diligence and knowledge commonly possessed and exercised by a reasonable, careful and prudent lawyer in the practice of law in this jurisdiction."

(quoting *Cook, Flanagan & Berst v. Clausing*, 73 Wash. 2d 393, 395, 438 P.2d 865, 867 (1968)). Any measurement of the prevailing standards of conduct in this case should be established by expert testimony. Defendant's claims of failure to account, conflict of interest, and unauthorized hiring of another attorney should be judged against professional standards verified by an expert. A review of the transcript shows no factual basis in the record for defendant's other assertions. Under the circumstances, we find no error.

█ Defendant further maintains that the malpractice claim should be considered as an affirmative defense to plaintiff's

contract action. In view of our disposition of the counterclaim, we decline to reach the issue. Defendant's final argument, forfeiture of the fee, was not raised below, and will not be considered on appeal. *Powers v. Judd*, 150 Vt. 290, 292–93, 553 A.2d 139, 141 (1988).

*Affirmed.*