## Rene W. Coll, Jr. v. John E. Johnson and City of Rutland

[636 A.2d 336]

No. 92-526

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed November 19, 1993

*Richard S. Bloomer* of *Bloomer & Bloomer, P.C.*, Rutland, for Plaintiff-Appellant.

*Peter W. Hall* of *Abell, Kenlan, Schwiebert & Hall, P.C.*, Rutland, for Defendants-Appellees.

**Gibson, J.** Plaintiff Rene Coll was wounded when defendant Officer John Johnson shot him during the course of an arrest. Coll sued Johnson and the City of Rutland for gross negligence. After trial, the jury could not reach a verdict and the court declared a mistrial. Defendants subsequently moved for a directed verdict, which the trial court granted. We reverse.

At approximately 2:30 a.m. on September 21, 1988, Rene Coll and a companion robbed a convenience store in Rutland. Police responded to the call and spotted the fleeing suspects. Coll halted at the corner of a garage, his escape blocked by police officers. He refused to give up and told the police he had a gun, although he was armed only with a knife. Officer Johnson arrived with a police dog. He released the dog and it went for Coll, who held it off with his knife. Officer Johnson's testimony at trial was that he was approximately twenty feet from Coll when

Coll moved aggressively toward him and reached toward his belt for what Officer Johnson believed was a gun. Fearing for his life, Officer Johnson fired at Coll, wounding him in the abdomen. Coll's testimony was that he went into a crouch, holding the dog at bay with his knife, and never moved for fear that the dog would attack.

Subsequently, Coll sued Officer Johnson and the City of Rutland, alleging Johnson had used unreasonable and excessive force in making the arrest. In their motion for directed verdict following the mistrial, defendants asserted that plaintiff had failed to provide expert testimony to establish the standard of care for discharge of a weapon by a police officer in making an arrest, and therefore, plaintiff's case lacked proof of an essential element. The court agreed and granted the motion. This appeal followed.

A directed verdict should not be granted if there is any evidence that fairly and reasonably supports the nonmoving party's case. *Meller v. Bartlett*, 154 Vt. 622, 623–24, 580 A.2d 484, 485 (1990). A directed verdict will be upheld, however, if the nonmoving party fails to present evidence on an essential element of that party's case. *Id.* at 624, 580 A.2d at 485. On appeal, we will review the evidence in the light most favorable to the nonmoving party, excluding all modifying evidence. *Id.* at 623, 580 A.2d at 485.

The issue before us is whether expert testimony is necessary to establish the standard of care a police officer must exercise when using force to make an arrest. Plaintiff did not provide an expert witness on this subject. The trial court held that such testimony was required, stating that "[b]y submitting the case to a jury without the benefit of expert testimony as to the standard of care, the court presented an opportunity to the jury to speculate as to what standard of care should be imposed upon a police officer acting in the course of duty." We disagree.

It is the court's duty to instruct the jury on all issues essential to the case. *Arnold v. Cantini*, 154 Vt. 142, 145, 573 A.2d 1193, 1195 (1990). This includes the standard of care that applies in a negligence action. W. Prosser & W. Keeton, Prosser and Keeton on the Law of Torts 236 (5th ed. 1984) (standard of care is a legal rule to be applied by the court). Where a plaintiff charges that the police have used excessive force in effecting an

arrest, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, with out regard to their underlying intent or motivation." *Graham v. Connor,* 490 U.S. 386, 397 (1989). Although *Graham* addresses a claim brought under 42 U.S.C. § 1983, alleging a violation of plaintiff's civil rights, the case sets forth a Fourth Amendment constitutional "floor" under which "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed." *Id.* at 395 (emphasis in original). The reasonableness of the use of force should be viewed from the perspective of a reasonable officer at the scene. *Id.* at 396.

 Here, the trial court's instructions followed *Graham* and were taken from defendants' requests to charge. They stated, in part:

> The question is whether the totality of the circumstances justified the use of force. You must determine whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. If this use of force is objectively reasonable, the officer cannot be held liable.

We agree with plaintiff that this charge contained adequate instruction as to the standard of care Officer Johnson was to exercise in making the arrest. We also agree that no expert testimony was required for the jury to understand or apply this standard of care.

Expert testimony is not generally required "where the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the aid of an expert." *Larson v. Candlish,* 144 Vt. 499, 502, 480 A.2d 417, 418 (1984). In cases of professional misconduct or malpractice, expert testimony may be necessary to establish the prevailing standard of care. *Meller,* 154 Vt. at 624, 580 A.2d at 485 (attorney malpractice); *Deyo v. Kinley,* 152 Vt. 196, 204, 565 A.2d 1286, 1291 (1989) (medical malpractice). Even in medical malpractice cases, however, expert testimony is not required where the alleged violation is so apparent it may be understood by a lay person. *Larson,* 144 Vt. at 502, 480 A.2d at 418.

 Defendants contend that the conduct of officers in life-threatening situations involves special procedures and stand-

ards that are not within a lay person's common knowledge. Juries, defendants assert, cannot determine the standard of care in these cases without expert guidance. We cannot agree. First, as we have already stated, it is for the court to instruct the jury on the standard of care to apply to the facts. In cases where plaintiffs allege excessive force, that standard will be whether the force used was objectively reasonable under the circumstances. *Graham,* 490 U.S. at 399.

Second, in excessive-force cases there is usually no causal obscurity requiring expert testimony for the jury to understand how an injury might have occurred. See *Houghton v. Leinwohl,* 135 Vt. 380, 384, 376 A.2d 733, 737 (1977) (no obscure causation where person felt bad strain immediately upon lifting heavy object and disability closely followed injury); cf. *Deyo,* 152 Vt. at 204, 565 A.2d at 1291 (in medical malpractice cases, "normally a complicated medical procedure, not easily evaluated by a lay person, is at issue"). Simply put, an arrest is not heart surgery. Once it is established that the force exerted by police caused the harm to a given plaintiff, the determination for the jury is whether that force was reasonable under the circumstances. This determination does not involve the "scientific, technical, or other specialized knowledge" contemplated by Rule 702. V.R.E. 702; see *State v. Carpenter,* 155 Vt. 59, 63, 580 A.2d 497, 500 (1990) (expert medical testimony not necessary for jury to determine substantial risk of death for aggravated assault "when a person is choked to the point of passing out").

While *Graham* emphasized that the determination of excessive force should be judged from the point of view of a reasonable police officer on the scene, see *Graham,* 490 U.S. at 396–97, no cases have held that this determination requires expert testimony. Moreover, the cases cited by defendants where expert testimony was required to prove police negligence involve other and more specialized standards of care. In *District of Columbia v. White,* 442 A.2d 159 (D.C. 1982), the court held that "expert testimony is required when the subject presented is 'so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman.'" *Id.* at 164 (quoting *Hughes v. District of Columbia,* 425 A.2d 1299, 1303 (D.C. 1981)). The issue in *White,* however, was not whether the police officer had used excessive force, but whether the District

of Columbia had been negligent in training the officer in the use of his weapon. *Id.* That is an issue that could well require expert testimony inasmuch as the standard of care for the training of police officers is a technical subject not within the common knowledge of the average lay person. See *District of Columbia v. Peters,* 527 A.2d 1269, 1273 (D.C. 1987) (expert testimony necessary to establish standard of care necessary in training officers to deal with mentally disturbed persons or those under influence of drugs); see also *Cunningham v. District of Columbia,* No. CIV.A.87-0095, 1988 WL 68863, at *2 (D.D.C. 1988) (expert testimony required to support allegation of negligent supervision and assignment of police officer). One other case cited by defendants, *Selkowitz v. County of Nassau,* 379 N.E.2d 1140, 1143, 408 N.Y.S.2d 10, 12 (1978), is not pertinent, because it deals only with the admissibility, not the necessity, of a police officer's testimony as an expert on the safe handling of police cars in high-speed chases.

Defendants raise an alternative argument that the directed verdict was proper because there was insufficient evidence to show that Officer Johnson's actions, "measured by any objective standard," constituted gross negligence. Since this is not a case where both parties are appealing the judgment below, defendants need not have raised this issue by cross-appeal, as plaintiff contends. See *Staruski v. Continental Tel. Co.,* 154 Vt. 568, 571 n.3, 581 A.2d 266, 267 n.3 (1990) (party content with final order need not file cross-appeal to preserve claims for review because it "had nothing in the first instance to appeal"). Nevertheless, viewing the evidence in the light most favorable to plaintiff, and excluding the effect of modifying evidence, *Meller,* 154 Vt. at 623, 580 A.2d at 485, we reject defendants' contention that plaintiff's evidence was insufficient for the case to go to the jury.

Defendants' argument that Officer Johnson had qualified immunity was not litigated below and will not be considered here.

*Reversed and remanded.*