Filed 01/03/22

## STATE OF VERMONT

**SUPERIOR COURT**
Caledonia Unit

**CIVIL DIVISION**
Docket No. 8-1-21 Cacv

**ANDREA KENNEY,**
       **Plaintiff**
  v.

**TROOPER TYLER DAVIDSON and
TROOPER SEAN PECUCH,**
       **Defendants**

### DECISION
### Defendants' Motion to Dismiss

On January 25, 2021, Plaintiff Andrea Kenney ("Plaintiff") filed a complaint against Trooper Tyler Davidson and former Trooper Sean Pecuch of the Vermont State Police ("Defendants") for:

Count 1: Excessive force in violation of 42 U.S.C. § 1983
Count 2: Battery
Count 3: Assault
Count 4: Intentional infliction of emotional distress
Count 5: Negligent infliction of emotional distress
Count 6: Negligence .

The claims stem from an incident that occurred on September 25, 2018. Taking the facts alleged in the complaint as true, Plaintiff was arrested by Trooper Davidson and transported to the St. Johnsbury barracks. Trooper Pecuch participated in the investigation that led to Plaintiff's arrest and he was present at all relevant times. Plaintiff had been drinking that day and Defendants knew that she was impaired by alcohol. Upon entering the barracks, Trooper Davidson alleged that Plaintiff kicked his left thigh. Trooper Davidson commanded Plaintiff to stop and she complied. Trooper Davidson also alleged that Plaintiff had spat in the direction of Trooper Pecuch. Defendants then violently and wantonly shoved Plaintiff, face first, some distance into a wall while her hands remained handcuffed behind her back. Plaintiff has suffered severe injuries as a result of Defendants' actions that included broken bones in her neck, nose and eye socket, as well as three broken bones in her wrist.

Defendants move to dismiss the complaint under V.R.C.P. 12(b)(1) and V.R.C.P. 12(b)6 on grounds of immunity and insufficiency of alleged facts for each cause of action.

### Standard of Review

Rule 12(b)(6) motions to dismiss test the legal, not the factual viability of a claim. See e.g., *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982) ("The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a

1

claim under V.R.C.P. 8(a).") (overruled on other grounds); see also 5B Wright & Miller, Federal Practice & Procedure: Civil § 1356 (3d ed.) ("[T]he motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."). In reviewing a motion to dismiss, the trial court "must take the factual allegations in the complaint as true." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 5, 184 Vt. 1, 5–6. "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint that would entitle the plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576. "Motions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id.*

In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the trial court applies the standard of Rule 12(b)(6). See *Rheaume v. Pallito*, 2011 VT 72, ¶ 2, 190 Vt. 245, 247 ("Dismissal for lack of subject matter jurisdiction under Civil Rule 12(b)(1) is reviewed de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party.").An assertion of immunity calls into question whether the trial court has jurisdiction over the case. *Burgess v. Lamoille Housing Partnership Inc.*, No. 249-12-13, 2014 WL 12829911, at *8 (Vt. Super. Apr. 24, 2014) (citing *Williams v. State*, 156 Vt. 42, 56 (1990)).

## Analysis

Defendants argue that dismissal should be granted because they are entitled to immunity. In the alternative, Defendants assert that Plaintiff has failed to allege the elements of her claims. Plaintiff opposes Defendants' Motion to Dismiss arguing that she has alleged facts sufficient to prove her claims and to defeat Defendants' alleged claim of immunity.

Qualified Immunity

Defendants seek dismissal on the grounds that they are protected by qualified immunity. "Usually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted," *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir.1983), unless "the defense is based on facts appearing on the face of the complaint." *McKenna v. Wright*, 386 F.3d, 432, 435–436 (2d Cir. 2004); see also *Murray v. White*, 155 Vt. 621, 626 (1991) ("Reliance on the objective reasonableness of an official's conduct ... [should] permit the resolution of many insubstantial claims on summary judgment.")(quotation omitted).

Moreover, the defendants presenting qualified immunity defenses on a Rule 12(b)(6) motion instead of a motion for summary judgment "must accept the more stringent standard applicable to this procedural route." *McKenna*, 386 F.3d at 436. Thus, the plaintiff is entitled to "all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id.*

The test for qualified immunity under state law is functionally similar to the federal test. See *Murray v. White*, 155 Vt. at 630. To succeed on this affirmative defense, the defendants must establish that their actions "did not violate clearly established rights of which an objectively reasonable official would have known." See e.g., *Bettis v. Bean*, No. 5:14-CV-113, 2015 WL 5725625, at *8 (D. Vt. Sept. 29, 2015) (unpublished mem.). It is undisputed that the right to be

free from excessive force is clearly established. See *Green v. Montgomery,* 219 F.3d 52, 59 (2d Cir.2000). Further, the Second Circuit courts have held that "it is impermissible to use significant force against a restrained arrestee who is not actively resisting." See e.g., *Lennox v. Miller,* 968 F.3d 150, 157 (2d Cir. 2020) (citing *Jones v. Treubig,* 963 F. 3d 214, 225 (2d Cir. 2020) ("Before the incident at issue here in April 2015, it was clearly established in this Circuit that it is a Fourth Amendment violation for a police officer to use significant force against an arrestee who is no longer resisting and poses no threat to the safety of officers or others.").

Taking the allegations in the light most favorable to Plaintiff, she complied with Trooper Davidson's command to stop kicking his left thigh. Nevertheless, Defendants violently and wantonly shoved her, face first, into a wall while her arms remained handcuffed behind her back. Plaintiff is about five feet tall and weighs about one hundred fifteen pounds and Defendants are much larger and stronger than her. Defendants have received specialized training and knowledge about the use of force. Additionally, Plaintiff alleges that she has suffered immediate and permanent injuries because of Defendants' actions. On the face of the complaint, the court cannot conclude that Defendants did not violate clearly established rights known to law enforcement officers. Thus they are not entitled to qualified immunity on a motion to dismiss.

## The Vermont Tort Claims Act

Defendants also argue that Plaintiff's tort claims in Counts 2-6 are barred because they were acting withing the scope of their employment as law enforcement officers, and Plaintiff has not alleged that Defendants engaged in gross negligence or willful misconduct. Generally, claims based on the acts of state employees acting within the scope of employment lie against the State, not against the individual employees who allegedly committed the harm. 12 V.S.A. § 5602(a). An exception exists, however, allowing individual-capacity suits against state employees for "gross negligence or willful misconduct." *Id.* § 5602(b).

To maintain a claim of gross negligence, "a plaintiff must present facts that show an individual defendant heedlessly and palpably violated a legal duty owed to plaintiff." *Amy's Enters. v. Sorrell,* 174 Vt. 623, 624 (2002) (internal quotation omitted). "Willful misconduct" is defined as "misconduct committed voluntarily and intentionally." Black's Law Dictionary (11th ed. 2019). "While gross negligence and willful misconduct can be separately pled, they can also be reached by adding aggravating elements to other tort claims." *Winfield v. Trottier,* No. 2:08-CV-278, 2009 WL 2160588, at *3 (D. Vt. July 15, 2009) (unpublished mem.) (citing *Powers v. Lackey,* 109 Vt. 505, 505 (1938)) ("There is no concrete rule by which the existence of gross negligence can be determined, for each case must be judged according to its own facts.").

Reading the complaint in the light most favorable to Plaintiff, it alleges both gross negligence and willful misconduct against Defendants. Plaintiff alleges that Defendants "violently" and "wantonly" shoved her, face first, some distance into a wall. Plaintiff alleges that Defendants acted "intentionally" and "with malice" when they threw her into a wall while her arms remained handcuffed behind her back. Plaintiff explains that she was so severely injured that Defendants called for an ambulance, and that she was hospitalized. Plaintiff indicates that she is about five feet tall and weighs about one hundred and fifteen pounds whereas Defendants are stronger and larger. Plaintiff alleges that Defendants breached their legal duty of care when she was in their custody. Plaintiff claims that Defendants have received

3

specialized training and knowledge about the use of force in the arrest of individuals, including when subjects are impaired by alcohol. Plaintiff claims that Defendants acted with "reckless disregard" to the likelihood of causing emotional distress. Plaintiff alleges that as a result of Defendants' actions, she has suffered immediate and permanent severe injuries. Because the Complaint sufficiently alleges gross negligence and willful misconduct, Plaintiff's state law claims are not barred.

<u>Excessive Force in Violation of 42 U.S.C. § 1983</u>

Plaintiff claims that Defendants violated her Fourth Amendment rights by using excessive force against her while she was in custody. Defendants argue that dismissal is warranted because section 1983 claims are not maintainable against state employees in their official capacities. In any event, Defendants claim that Plaintiff has failed to proffer cognizable facts to support her claim. Section 1983 provides as follow:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Although sovereign immunity bars an action against the defendants in their official capacity, the defendants remain amenable to suit in their personal capacities. See *Bock v. Gold*, 2008 VT 81, ¶ 9, 184 Vt. 575, 577 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Thus, '[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'").

Here, Plaintiff did not specify in her complaint if she brought her claims against Defendants in their official or individual capacities. However, the court understands that Plaintiff brough her claims against Defendants individually.[1] Thus, Plaintiff may assert individual-capacity claims against them.

Defendants next argue that Plaintiff has failed to state a claim for relief under the Fourth Amendment because the force used was reasonable. "Where a plaintiff charges that the police have used excessive force in effecting an arrest, 'the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Coll v. Johnson*, 161 Vt. 163, 164–65 (1993) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

The reasonableness of the use of force should be viewed from the perspective of a reasonable officer at the scene. See *Graham v. Connor*, 490 U.S. at 396. "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*; see *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000) ("The force

---

[1] The summons were addressed to Defendants individually; Defendant Pecuch was served personally on 03/11/2021; and Plaintiff indicates in her Response to Defendants' motion that Defendants challenge "non-existent official capacity claims that have not been alleged . . . ." (Pl.'s Resp. Mot. Dismiss, n.1).

used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer."); see also *Brunette v. City of Burlington, Vermont*, No. 2:15-CV-00061, 2018 WL 4146598, at *23 (D. Vt. Aug. 30, 2018) ("[F]orce justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated[.]") (unpublished mem.) (quoting *Waterman v. Batton*, 393 F.3d 471, 481 (4th Cir. 2005)).

Plaintiff alleges that Defendants violently and wantonly shoved her into a wall while her arms remained handcuffed behind her back. Plaintiff indicates that she is five feet tall and weighs about one hundred and fifteen pounds and that Defendants are larger and stronger. Plaintiff alleges that she has suffered immediate and permanent physical injuries and pain because of Defendants' actions. She further indicates that the use of force was such that Defendants called an ambulance and she was hospitalized.

Defendants argue that the force used was reasonable because Plaintiff had allegedly spat at the direction of Trooper Pecuch and allegedly kicked Trooper Davidson's left thigh. However, there is no established fact that Plaintiff was actively resisting when Defendants shoved her into a wall. In fact, Plaintiff alleges that she complied with Trooper Davidson's command to stop kicking his left thigh. Viewing the facts alleged in the complaint as true, Plaintiff was not actively resisting when Defendants shoved her into the wall, breaking bones in her neck and wrist and requesting hospitalization. The case should proceed so that the facts may be more fully explored through discovery. At this stage of the proceedings, the court cannot determine that Defendants' use of force was reasonable. Under the Rule 12(b)(6) standard, the court concludes that Plaintiff has made a plausible claim of excessive force against Defendants.

### Battery and Assault

Defendants argue that their use of force was reasonable and therefore privileged. Under Vermont law, battery "is an intentional act that results in harmful contact with another." *Christman v. Davis*, 2005 VT 119, ¶ 6, 179 Vt. 99, 101 (citing Restatement (Second) of Torts § 13 (1965)). "At common law, the civil tort of assault is defined as 'any gesture or threat of violence exhibiting an [intention] to assault, with the means of carrying that threat into effect ... unless immediate contact is impossible.'" *Billado v. Parry*, 937 F. Supp. 337, 343 (D. Vt. 1996) (quoting *Bishop v. Ranney*, 59 Vt. 316, 318 (1887)).

"When assault and battery [sic] is alleged against police officers, the inquiry is whether the officer's conduct was reasonably necessary and thereby privileged." *Crowell v. Kirkpatrick*, 667 F. Supp. 2d 391, 417 (D.Vt.2009) (internal quotation omitted). "Police officers are privileged to use force in arresting a suspect, but the privilege ends when the force used is excessive, which is determined using the same standards used to analyze a Fourth Amendment excessive force claim." *Brayshaw v. City of Burlington*, No. 5:13-CV-253, 2015 WL 1523019, at *13 (D. Vt. Apr. 3, 2015) (unpublished mem.) (internal quotation omitted).

Plaintiff alleges that Defendants' actions were intentional and that they acted without legal grounds to use the force they did when they shoved her face first, into a wall. Defendants argue that the force used was reasonable because Plaintiff was non-compliant, unruly, and violent. Plaintiff alleges that as a direct result of Defendants' actions, she suffered great fear, as well as immediate, severe, and permanent physical injuries and pain. Plaintiff indicates that her

5

injuries included broken bones in her neck, nose and eye socket, as well as three broken bones in her wrist. Further, Plaintiff asserts that Defendants' actions caused her to be sick, sore, lame, injured, and disabled. Plaintiff's allegations are thus sufficient to survive a Rule 12(b)(6) motion.

## Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff has failed to demonstrate that Defendants' conduct was outrageous. To sustain a legal claim for intentional infliction of emotional distress, Plaintiff must show "outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 31, 175 Vt. 413, 427. To satisfy the outrageousness element, the defendant's behavior must "go beyond all possible bounds of decent and tolerable conduct in a civilized community . . . ." *Fromson v. State*, 2004 VT 29, ¶ 14, 176 Vt. 395, 399 (quoting *Dulude v. Fletcher Allen Health Care, Inc.*, 174 Vt. 74, 83 (2002)). Plaintiff must also allege that the defendant's actions caused him to suffer "distress so severe that no reasonable person could be expected to endure it." *Baldwin v. Upper Valley Services. Inc.*, 162 Vt. 51, 57 (1994) (citation omitted).

Even under this heavy standard, Plaintiff's allegations are sufficient to survive a motion to dismiss. Plaintiff alleges that Defendants used excessive force when they shoved her, face first, into a wall while her arms remained handcuffed behind her back. Plaintiffs indicates that her injuries included broken bones in her neck, nose and eye socket, and three broken bones in her wrists. Plaintiff has also alleged that Defendants acted intentionally and with malice and that Defendants' actions caused severe emotional distress. Defendants' actions could constitute the outrageous conduct necessary for an intentional infliction of emotional distress claim. The claim is therefore not subject to dismissal at this stage.

## Negligent Infliction of Emotional Distress and Negligence

Defendants have not argued that Plaintiff failed to allege facts sufficient to prove the elements of her NIIED and negligence claims. Plaintiff alleges that Defendants owed her a duty of care because she was in their custody and because Defendants placed her in handcuffs which prevented her from bracing herself for impact with the wall. Plaintiff further alleges that Defendants breached their duty of care through their conduct toward her, and that as a direct, proximate, and foreseeable result of this breach, she has suffered severe physical and mental injuries.

Based on the allegations contained in the complaint, the court concludes that Plaintiff has met her burden under Rule 12(b)(6). See *Endres v. Endres*, 2008 VT 124, ¶ 11, 185 Vt. 63, 68 (To prove negligence, plaintiff must show that defendant owed her a legal duty, that a breach of that duty was a proximate cause of harm, and that she suffered actual damages); *Brueckner v. Norwich University*, 169 Vt. 118, 125 (1999) ("To establish a claim of negligent infliction of emotional distress, a plaintiff must make a threshold showing that he or someone close to him faced physical peril . . . . If there has been [a physical impact], plaintiff may recover for emotional distress stemming from the incident during which the impact occurred.")

6

# Order

For the foregoing reasons, Defendants' Motion to Dismiss is *denied* as to all counts.

Defendants' Answer is due in 14 days pursuant to V.R.C.P. Rule 12 (a)(3).

Electronically signed pursuant to V.R.E.F. 9(d) on January 3, 2022 at 8:16 AM.

Mary Miles Teachout
Superior Court Judge